# State of Rhode Island Appeals Cover Sheet

**Volume: 1 of  1**

**Trial Court Case Number: WC-2019-0001**

**Appeal Index**

| Date: | Document Description | Page Number | Volume |
|---|---|---|---|
| 08/06/2021 | Docket Sheet | 1 - 2 | 1 |
| 08/06/2021 | Clerk's Certificate | 3 - 3 | 1 |
| 08/05/2021 | Notice of Removal | 41 - 42 | 1 |
| 08/05/2021 | Notice of Removal | 4 - 40 | 1 |
| 08/05/2021 | Notice | 43 - 44 | 1 |
| 07/16/2021 | Motion for Extension of Time for Answer | 45 - 46 | 1 |
| 07/16/2021 | Entry of Appearance | 47 - 48 | 1 |
| 07/16/2021 | Entry of Appearance | 49 - 50 | 1 |
| 07/16/2021 | Entry of Appearance | 51 - 52 | 1 |
| 07/06/2021 | Amended Complaint Filed | 53 - 74 | 1 |
| 04/09/2020 | Withdrawal of Appearance | 75 - 76 | 1 |
| 03/25/2020 | Entry of Appearance | 77 - 78 | 1 |
| 01/02/2019 | Summons | 82 - 84 | 1 |
| 01/02/2019 | Summons | 79 - 81 | 1 |
| 01/02/2019 | Complaint Filed | 85 - 94 | 1 |

**Total Number of pages**                    94

WASHINGTON COUNTY SUPERIOR COURT

# SC DOCKET SHEET
## CASE NO. WC-2019-0001

| | | | |
|---|---|---|---|
| Jason Leone | § | Location: | **Washington County Superior Court** |
| v. | § | | |
| **Nationstar Mortgage, LLC d/b/a Mr. Cooper et al.** | § | Filed on: | **01/02/2019** |
| | § | | |

---

### CASE INFORMATION

**Related Cases**
WC-2019-0527   (Related Case Number)

Case Type: **Civil Action**

**Statistical Closures**
08/06/2021     Closed-Non Trial-Unassigned-Removed to Federal Court

Case Status: **08/06/2021   Closed**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment** |
| | Case Number          WC-2019-0001 |
| | Court                     Washington County Superior Court |
| | Date Assigned       01/02/2019 |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Leone, Jason** | **Dion, Todd** |
| | | *Retained* |
| | | 4019654131(W) |
| | | |
| **Defendant** | **HSBC Bank USA** | |
| | | **Pro Se** |
| | | |
| | **Nationstar Mortgage, LLC d/b/a Mr. Cooper** | **FARSIDE, JOSEPH A.** |
| | | *Retained* |
| | | 4014557648 x000(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 08/16/2021 | 📑 *CANCELED* **Rule 7 Hearing on Motion to Enlarge Time** (9:30 AM)  (Judicial Officer: Taft-Carter, Associate Justice Sarah ;Location: Wakefield Courtroom 2) <br> *Other* |
| 08/06/2021 | Closed-Non Trial-Unassigned-Removed to Federal Court |
| 08/06/2021 | Case Removed to US District Court |
| 08/05/2021 | 📑 Notice of Removal <br> *Notice to State Court of Removal* |
| 08/05/2021 | 📑 Notice <br> *Notice to Adverse Parties of Filing Notice of Removal to Federal Court* |
| 07/16/2021 | 📑 Motion for Extension of Time for Answer <br> *Defendant Nationstar's Assented-To Motion to Extend Time to Respond to Amended Complaint* |
| 07/16/2021 | 📑 Entry of Appearance <br> *Entry of Appearance by Jeffrey C. Ankrom on Behalf of Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper* |
| 07/16/2021 | 📑 Entry of Appearance <br> *Entry of Appearance by Krystle G. Tadesse on Behalf of Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper* |
| 07/16/2021 | 📑 Entry of Appearance <br> *Entry of Appearance by Joseph A. Farside, Jr. on Behalf of Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper* |

*Printed on 08/06/2021 at 10:42 AM*

WASHINGTON COUNTY SUPERIOR COURT

# SC DOCKET SHEET

## CASE NO. WC-2019-0001

| 07/06/2021 | Amended Complaint Filed |
| | *amended complaint* |
| 04/09/2020 | Withdrawal of Appearance |
| | *Withdrawal of Appearance* |
| 03/25/2020 | Entry of Appearance |
| | *Entry of Appearance Nationstar* |
| 01/02/2019 | Summons |
| 01/02/2019 | Complaint Filed |
| | *initial complaint* |



# STATE OF RHODE ISLAND
# AND PROVIDENCE PLANTATIONS

## CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

### Case Information

Case Caption: Jason Leone                vs. Nationstar Mortgage, LLC

Federal Court Case No. 1:21-cv-00323        State Court Case No. WC-2019-0001

### Record Information

Confidential:    Yes [ ]    No [✔]    Description: _____

Sealed documents:    Yes [ ]    No [✔]    Description: _____

### Certification

I, Brenden Oates _____, Clerk of the Rhode Island Superior Court for the County of
Washington _____ [▾] do certify that the attached documents are all the documents
included in the record in the above referenced case.

Date: Aug/6/2021

Clerk:
/s/ Brenden Oates _____

Prepared by:
/s/ Elizabeth Masson _____

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/5/2021 4:38 PM
Envelope: 3225470
Reviewer: Brittany M.

Case 1:21-CV-00323-JJM-LDA     Document 3     Filed 08/06/21     Page 5 of 95 PageID #: 43

# EXHIBIT A

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/5/2021 4:58 PM
Envelope: 3225470
Reviewer: Brittany M.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JASON LEONE,<br>On behalf of himself and all others so<br>similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC D/B/A<br>MR. COOPER; HSBC BANK USA NATIONAL<br>ASSOCIATION AS TRUSTEE FOR<br>MORTGAGE PASS-THROUGH CERTIFICATES,<br>SERIES MLMI 2005-A10,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:  C. A. No. 21-<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(d) and 1453(b), defendant, Nationstar Mortgage, LLC

d/b/a Mr. Cooper ("Nationstar"), by and through its attorneys, Locke Lord LLP, for the purpose

of removing this case to the United States District Court for the District of Rhode Island,

respectfully states:

1.     **State Court Action.**  On January 2, 2019, Plaintiff Jason Leone ("Plaintiff")

filed a complaint in the Superior Court of Rhode Island, Washington County, numbered Case

No. WC-2019-0001.  On July 6, 2021, Plaintiff filed an Amended Complaint to add allegations

for a purported class action.  The Amended Complaint is attached hereto as **Exhibit A**.

2.     **Federal Jurisdiction.**  This Court has subject matter jurisdiction under the Class

Action Fairness Act of 2005 pursuant to 28 U.S.C. §§ 1332(d), 1453 ("CAFA") because

(1) Plaintiff alleges that the putative class contains "hundreds of individuals," (Am. Compl.

¶ 55); (2) the citizenship of at least one class member is different than that of any defendant;

and (3) the aggregate amount placed in controversy by the claims of Plaintiff and the proposed

94106007v.2

putative class members exceeds the sum or value of $5,000,000.00, exclusive of interests and costs.

<div align="center">**Diversity**</div>

a.    CAFA provides that the minimal diversity requirement is met if "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

b.    Plaintiff has alleged that he is a citizen of Rhode Island. Am. Compl. ¶ 13. 28 U.S.C. § 1332(d)(2).

c.    Nationstar Mortgage is a Delaware limited liability company, with its principal place of business in the state of Texas. The citizenship of a limited liability company is determined by the citizenship of the members of the entity. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Nationstar's members are Nationstar Sub1 LLC ("Sub1") and Nationstar Sub2 LLC ("Sub2"). Both Sub1 and Sub2 are Delaware LLC's, and the sole member of each is Nationstar Mortgage Holdings Inc. ("NSM Holdings"). NSM Holdings is a corporation incorporated under the laws of the state of Delaware with its principal place of business in the state of Texas. A corporation is deemed "to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Thus, for diversity purposes, Nationstar is a citizen of the states of Delaware and Texas.

d.    HSBC Bank, USA, N.A. is sued in its capacity as trustee on behalf of Mortgage Pass-Through Certificates, Series MLM 2005-A10. Am. Compl. ¶ 15. As

<div align="center">2</div>

94106007v.2

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/5/2021 4:58 PM
Envelope: 3225470
Reviewer: Brittany M.

trustee, HSBC Bank, USA, N.A.'s citizenship controls for diversity purposes. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). A national banking association's citizenship is determined solely by the location of its main office as designated in its articles of association. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *Rouse v. Wachovia Mortg.*, FSB, 747 F.3d 707, 709 (9th Cir. 2014) ("[U]nder 28 U.S.C. § 1348, a national bank is a citizen only of the state in which its main office is located."). HSBC Bank, USA, N.A.'s main office is located in Delaware. Therefore, HSBC Bank as Trustee is a citizen of Delaware for diversity purposes.

f. Accordingly, at least one member of the potential class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. §§ 1332(d)(2)(A).

## Number of Class Members

g. The Amended Complaint alleges that "the class encompasses hundreds of individuals." Am. Compl. ¶ 55. Accordingly, on the face of the Amended Complaint, the aggregate number of the individuals in the putative class is well in excess of 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

## $5,000,000 Aggregate Amount in Controversy

h. Under CAFA, the claims of all putative class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.00. *See* 28 U.S.C. § 1332(d)(6).

i. The Amended Complaint defines a proposed class of plaintiffs whose properties were foreclosed by Defendants after receiving a notice of default "between July 1, 2015 through August 24, 2017, in violation of R.I.G.L. § 19-14.11-1." Am. Compl. at ¶ 45.

3

94106007v.2

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/5/2021 4:58 PM
Envelope: 3225470
Reviewer: Brittany M.

Case 1:23-cv-00323-JJM-PAS Document 1 Filed 08/08/23 Page 9 of 95 PageID #: 47

j.      The Amended Complaint also defines a proposed class of plaintiffs who received a notice of default from Defendants "that omitted the fact that the default 'must be cured' prior to five days before the sale in accordance with Paragraph 19 of the Mortgages." Am. Compl. at ¶ 46.

k.      These class members seek "quantifiable damages such as loss of equity in their homes, use and occupancy of their properties, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses." Am. Compl. at ¶ 49.

l.      The class members also seek "general damages such as loss of property interest[sic], negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress." Am. Compl. at ¶ 50.

m.      Here, assuming the truth of Plaintiff's allegations and aggregating the alleged damages for all putative class members, as the Court must, the potential class likely includes the foreclosures whose recorded deeds are included in the attached **Exhibit B**, among others.

n.      Based on the above, and assuming the truth of Plaintiff's allegations, the relief sought by the Amended Complaint exceeds $5,000,000.00, exclusive of interest and costs, based upon the list attached as **Exhibit B**, which does not include all foreclosures in the relevant time period, nor does it include the Plaintiff's and the class members' "general damages." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (holding that for purposes of determining jurisdiction under CAFA, "a defendant's notice of removal need include only a plausible allegation that

4

the amount in controversy exceeds the jurisdictional threshold"). For these reasons, the aggregate damages sought by Plaintiff on behalf of the putative class exceed $5,000,000 for purposes of 28 U.S.C. § 1332(d)(2).

        o.     In sum, the Court has jurisdiction pursuant to CAFA because (1) there are more than 100 putative class members; (b) there is minimal diversity between the parties; and (c) the amount in controversy exceeds $5,000,000.00 million. *See* 28 U.S.C. § 1332(d)(2).

    **3.**    **<u>Proper Venue</u>**. This action is removable to this Court under 28 U.S.C. § 1441 because this Court would have had original jurisdiction over Plaintiff's claims had Plaintiff elected to initially file the action in federal court. This Court is the United States District Court for the district and division embracing the place where the state court action is pending and is, therefore, the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

    **4.**    **<u>Timeliness of Removal Petition</u>.** Plaintiff filed the Amended Complaint on or about July 6, 2021 and served Nationstar the same day. It is not clear whether HSBC Bank as Trustee was served with the Amended Complaint. The one year limitation on removal applicable to diversity jurisdiction does not apply to cases removed under CAFA. 28 U.S.C. § 1453(b). Removal of this action is therefore timely under 28 U.S.C. § 1446(b) as the Notice of Removal has been filed within thirty (30) days of Nationstar's receipt of the Amended Complaint.

    **5.**    **<u>Consent.</u>** Because this action is being removed under CAFA, consent of all defendants is not required. 28 U.S.C. § 1453(b) ("such action may be removed by any defendant without the consent of all defendants"). Nevertheless, all Defendants consent to this removal.

<div align="center">5</div>

94106007v.2

6. **Compliance.** Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of Rhode Island for Washington County, where this action is pending and will serve such notice on Plaintiff in compliance with 28 U.S.C. §1446(d). Certified copies of the entries in the Superior Court docket will be filed in connection with Defendants' *Local Rule* 81.1(a) submission.

6. **Relief Requested.** Defendants respectfully request that the United States District Court for the District of Rhode Island accept this Notice of Removal, and that it assume jurisdiction of this cause of action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

6

94106007v.2

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/5/2021 4:38 PM
Envelope: 3225470
Reviewer: Brittany M.

Case 1:21-cv-00323-JJM-LDA Document 3 Filed 08/06/21 Page 12 of 95 PageID #: 50

Respectfully submitted,

NATIONSTAR MORTGAGE, LLC
d/b/a MR. COOPER

By its Attorneys,


*/s/ Krystle G. Tadesse, Esq.*
Joseph A. Farside, Jr. (#7559)
Krystle G. Tadesse (#7944)
Jeffrey C. Ankrom (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI  02903
(401)-274-9200
(401) 276-6611 (Fax)
joseph.farside@lockelord.com
jeffrey.ankrom@lockelord.com

August 5, 2021

7

94106007v.2

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/5/2021 4:38 PM
Envelope: 3225470
Reviewer: Brittany M.

Case 1:21-cv-00323-JJM-LDA Document 3 Filed 08/06/21 Page 13 of 95 PageID #: 51

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 5th day of August, 2021, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

Todd S. Dion, Esq.
681 Park Avenue, Suite 21
Cranston, RI  02910
toddsdion@msn.com

Richard J. Volpe, Esq.
Law Office of Howard Lee Schiff, PC
111 Founders Plaza
East Hartford, CT  06108
rvolpe@hlschiffpc.com

*/s/ Krystle G. Tadesse, Esq.*

8

94106007v.2

STATE OF RHODE ISLAND                          SUPERIOR COURT
WASHINGTON, SC.

JASON LEONE,                                   :
On behalf of himself and all others so
similarly situated,                            :
                                               :
            Plaintiff,                         :
                                               :
        v.                                     :     C. A. No. WC-2019-0001
                                               :
NATIONSTAR MORTGAGE, LLC D/B/A                 :
MR. COOPER; HSBC BANK USA NATIONAL             :
ASSOCIATION AS TRUSTEE FOR                     :
MORTGAGE PASS-THROUGH CERTIFICATES,:
SERIES MLMI 2005-A10,                          :
                                               :
            Defendants.                        :

## **NOTICE TO STATE COURT OF REMOVAL**

Pursuant to 28 U.S.C. § 1446(d), defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper

("Nationstar") gives notice to the Superior Court of Rhode Island that Defendants' Notice of

Removal was filed with the United States District Court for the District of Rhode Island on

August 5, 2021. A copy of Defendant's Notice of Removal is attached hereto as **Exhibit A**.

94111594v.1

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/5/2021 4:38 PM
Envelope: 3225470
Reviewer: Brittany M.

Case 1:23-cv-00082-MSM-LDA   Document 1   Filed 06/08/23   Page 2 of 95   PageID #: 53

Respectfully submitted,

NATIONSTAR MORTGAGE, LLC
d/b/a MR. COOPER

By its Attorneys,


*/s/ Krystle G. Tadesse, Esq.*
Joseph A. Farside, Jr. (#7559)
Krystle G. Tadesse (#7944)
Jeffrey C. Ankrom (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI  02903
(401)-274-9200
(401) 276-6611 (Fax)
joseph.farside@lockelord.com
jeffrey.ankrom@lockelord.com

August 5, 2021

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 5th day of August, 2021, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

Todd S. Dion, Esq.
681 Park Avenue, Suite 21
Cranston, RI  02910
toddsdion@msn.com

Richard J. Volpe, Esq.
Law Office of Howard Lee Schiff, PC
111 Founders Plaza
East Hartford, CT  06108
rvolpe@hlschiffpc.com

*/s/ Krystle G. Tadesse, Esq.*

2

94111594v.1

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/5/2021 4:38 PM
Envelope: 3225470
Reviewer: Brittany M.

# EXHIBIT A

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND** | | **SUPERIOR COURT** |
| **WASHINGTON, SC** | | |

---

| | | |
|---|---|---|
| | ) | |
| **JASON LEONE,** | ) | |
| **On behalf of himself and all others so** | ) | |
| **similarly situated** | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| **v.** | ) | **WC-2019-0001** |
| | ) | |
| **NATIONSTAR MORTGAGE, LLC D/B/A** | ) | |
| **MR. COOPER; HSBC BANK USA NATIONAL** | ) | **AMENDED COMPLAINT** |
| **ASSOCIATION AS TRUSTEE FOR MORTGAGE** | ) | **CLASS ACTION** |
| **PASS-THROUGH CERTIFICATES, SERIES** | ) | |
| **MLMI 2005-A10** | ) | |
| | ) | |

---

## INTRODUCTION

1.      The Representative Plaintiff Jason Leone., on behalf of himself and all others so similarly situated, brings this class action as described in the paragraphs set forth herein.  The Representative Plaintiff seeks damages and declaratory judgments that foreclosures and mortgagee's foreclosure sales of the Plaintiffs' properties by Defendants are void due to Defendants' breaches of contract and breaches of condition precedents to the Statutory Power of Sale for failing to foreclose in a manner prescribed by "applicable law" by sending void pre-acceleration/ pre-foreclosure default notices without authority under Rhode Island Law and foreclosing and conducting mortgagee's sales in violation of R.I.G.L. § 19-14.11-1.

2.      The Representative Plaintiff herein prays this Honorable Court find that the Defendants are in Breach of Contract, declare that foreclosures and mortgagee sales of the Representative Plaintiff and class members' mortgages and properties be declared void, enjoin the Defendants from further wrongful conveyance of Plaintiff and class members properties, that the Defendants be Ordered to return the Representative Plaintiff and class members to their statuses prior to the wrongful

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/6/2021 4:58 PM
Envelope: 3225470
Reviewer: Brittany M.

foreclosures and sales, including but not limited to, the rescission of all wrongful foreclosures and sales, and award the Plaintiff and class members damages for the Defendants misconduct.

## JURISDICTION AND VENUE

3.     Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

4.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(a), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, and the claims of the Representative Plaintiff are typical of the claims of the class.  Further, the Representative Plaintiff will fairly and adequately protect the interest of the class.

5.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(2), the Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

6.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(A), it is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

8.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(B), the specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

2

9.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(C), it is desirable to concentrate the litigation of the claims in this particular forum.

10.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(D), there are little to no difficulties likely to be encountered in the management of a classification.

11.     Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the void foreclosures.

12.     Plaintiff and members of the class claim a right to seek actual, exemplary, punitive, and monetary damages for the Defendant's violation of R.I.G.L. § 19-14.11-1 and breach of the mortgage contracts.

## PARTIES

13.     Representative Plaintiff Jason Leone, on behalf of himself and all those so similarly situated, is a citizen of Rhode Island and is the owner of 31 Rolling Meadow Way, North Kingstown, RI 02852, which is the subject property as noted herein.

14.     Defendant, Nationstar Mortgage, LLC d/b/a/ Mr. Cooper is a bank related services company with headquarters located at 8950 Cypress Waters Blvd, Coppell, TX 75261.

15.     Defendant, HSBC Bank USA National Association is the Trustee of a securitized trust named "Mortgage Pass-Through Certificates, Series MLMI 2005-A10. It is located at .

16.     At all times herein mentioned, Defendants, Nationstar/Mr. Cooper and HSBC both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

17.     Defendants, Nationstar/Mr. Cooper and HSBC had actual and/or constructive knowledge of the acts of the other as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts

3

## ALLEGATIONS OF THE LEONE REPRESENTATIVE PLAINTIFF

18.    The Leone Representative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

19.    The Leone Representative Plaintiff bring these claims on behalf of himself and all others so similarly situated.

20.    On July 26, 2005, the Representative Plaintiff was granted the subject property at 31 Rolling Meadow Way, North Kingstown, RI 02852. The deed evidencing said conveyance was recorded in the Town of North Kingstown, Clerk's Office, Land Evidence Records in Book 2030 at Page 56 on August 12, 2005.

21.    On August 12, 2005, Plaintiff executed a mortgage to Countrywide Home Loans as Lender, and Mortgage Electronic Registration Systems, Inc. (MERS) as Nominee for Lender, in the amount of Five Hundred and Sixty Thousand ($560,000.00) Dollars. Said mortgage was recorded in the Town of North Kingstown, Clerk's Office, Land Evidence, Records in Book 2030 at Page 58 on August 12, 2005. ("The Leone Mortgage").

22.    The Leone Mortgage states at paragraph 22, in pertinent part as follows;

> 22. Acceleration; Remedies.   Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.  If the dfeault is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and <u>may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law.</u>  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

4

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/6/2021 4:38 PM
Envelope: 3225540
Reviewer: Brittany M.

Case 1:20-cv-00320-JJM-LDA Document 18 Filed 08/06/21 Page 21 of 95 PageID #: 59

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law.</u> Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitles to it.

(Emphasis added).

24.     At page 2 section (I) of the Leone Mortgage "Applicable Law" is defined as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-Appealable judicial opinions".

25.     In addition Paragraph 22(c) of the Leone Mortgage required that prior to acceleration and foreclosure the Defendants were required to send the Representative Plaintiff a Default Notice which informs said Representative Plaintiff that he has "a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured"

26.     In accordance with Paragraph 19 of the Leone Mortgage:

"If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time *prior to the earliest of: (a) five days before* the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument. Those *conditions* are that Borrower: (a) *pays Lender all sums which then would be due* under this Security Instrument and the Note *as if no acceleration had occurred*; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in

5

one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. _Upon reinstatement_ by Borrower, this Security Instrument and _obligations_ secured hereby _shall remain fully effective as if no acceleration had occurred_. However this right to reinstate shall not apply in the case of acceleration under Section 18."

(emphasis added)

27.     The plain language of Paragraphs 19 and 22 of the Mortgage establish that the default must be cured prior to five days before the sale in order to avoid the full acceleration of the Mortgage and the sale of the property.

28.     On June 5, 2008, MERS, purportedly assigned the subject mortgage to "HSBC Bank USA, National Association, as Trustee for the Registered Holders of the Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, Series MLMi 2005-A10 c/o Countrywide Home Loans, Inc.", Said purported "First Assignment of Mortgage" was recorded in the Land Evidence Records of the Town of North Kingstown in Book 2316 Page 6 on June 10, 2008.

29.     On December 7, 2011, MERS, purportedly assigned the subject mortgage to "U.S. Bank, N.A., as Successor Trustee To Wachovia Bank N.A., as Trustee for the Certificateholders of Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-A10. Said purported "Second Assignment of Mortgage" was recorded in the Land Evidence Records of the Town of North Kingstown in Book 2610 Page 21 on December 15, 2011.

30.     On January 28, 2013, "HSBC Bank USA, National Association, as Trustee for the Registered Holders of the Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, Series MLMI 2005-A10, c/o Bank of America, NA", purportedly assigned the subject mortgage to "HSBC Bank USA, National Association, as Trustee for the Certificateholders of Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-

6

A10, c/o Bank of America, NA". Said purported "Third Assignment of Mortgage" was recorded in the Land Evidence Records of the Town of North Kingstown in Book 2723 Page 109 on February 14, 2013

31. On June 28, 2013, Bank of America, N.A., purportedly assigned the subject mortgage to Nationstar Mortgage, LLC d/b/a/ Mr. Cooper. Said purported "Fourth Assignment of Mortgage" was recorded in the Land Evidence Records of the Town of North Kingstown in Book 2785 Page 192 on September 30, 2013.

32. On March 10, 2015, "U.S. Bank, National Association, as Successor Trustee to Wachovia Bank N.A., as Trustee for the Certificateholders of Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-A10" purportedly assigned the subject mortgage to "HSBC Bank USA, National Association as Trustee for Mortgage Pass-Through Certificates, Series MLMI 2005-A10". Said purported "Fifth Assignment of Mortgage" was recorded in the Land Evidence Records of the Town of North Kingstown in Book 2887 Page 218 on April 9, 2015.

33. The Fifth Assignment of Mortgage was executed by Nationstar Mortgage LLC as Attorney In Fact.

34. Nationstar/Mr. Cooper was the third party servicer of the Leone Mortgage.

35. On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states;

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower *without first obtaining a license* under this chapter from the director or the director's designee. (emphasis added)

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 4:58 PM
Envelope: 3123540
Reviewer: Brittany M.

Case 1:21-cv-00312-JJM-LDA Document 2 Filed 08/03/07/21 Page 24 of 95 PageID #: 62

36.     Further, at the time of all alleged unlawful actions by the Defendants R.I.G.L. § 19-14-26 set a criminal penalty for violations of R.I.G.L. Title 19, and stated;

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

37.     On April 19, 2017, Nationstar/Mr. Cooper, while still not having *first obtained* a third-party servicing license, purportedly sent a Notice that purports to comply with Paragraph 22 of the Plaintiff's Mortgage.  Such action was not authorized by and in violation of R.I.G.L. § 19-14.11-1, in breach of the applicable law provision to the Statutory Power of Sale in the mortgage contract since Paragraph 22 is a condition precedent to foreclosure and is void, invalid, and without force and effect.

37.     The Representative Plaintiff alleges that from July 1, 2015 through August 24, 2017, including on April 19, 2017, Nationstar/Mr. Cooper was not a licensed third party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1 and sent multiple void notices without authority under the applicable Rhode Island law to members of the class.

38.     The Representative Plaintiff alleges that the foreclosure and sale are in breach of paragraph 22 of the Leone Mortgage which requires that the property secured by the Leone Mortgage be sold in a manner prescribed by and subject to applicable law.  As all actions of Nationstar/Mr. Cooper in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1, Nationstar/Mr. Cooper and HSBC failed their obligations to the Plaintiff to ensure that those

8

actions were conducted in a manner prescribed by applicable law thus breaching the Leone Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

39.     As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Leone Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by Applicable Law. Therefore, the foreclosure and sale are void, invalid, and without force or effect. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, <u>511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

40.     In addition, since there is no Applicable Law specifying the termination of the right to reinstate and there is no entry of judgment enforcing the mortgage, the Representative Plaintiffs' right to reinstate, cure the default and avoid foreclosure expired five days before the foreclosure sale in accordance with Paragraph 19 of the mortgage.  Therefore, in accordance with Paragraph 19 the default must be cured prior to five days before the sale in order to avoid full acceleration of the mortgage and sale of the property.

41.     The purported default/ right to cure letter failed to inform the Representative Plaintiff that the right to reinstate and cure the default after acceleration expires five days before the foreclosure sale in accordance with paragraph 19 of the mortgage.  Therefore, this omission of the 5 day deadline on the right to reinstate and cure the default is a failure to strictly comply with Paragraph 22(c) of the Mortgage which requires that the Plaintiff be informed of a date not less than 30 days by which the default "must be cured".

42.     On December 17, 2018, the Defendants conducted a void foreclosure auction of the Plaintiff's Property because the purported Paragraph 22 notice purportedly sent on April 19, 2017

was not authorized by Rhode Island Law and otherwise failed to strictly comply with Paragraph

22(c) which required that the Plaintiff be informed that he could have cured the default prior to 5

days before the sale in accordance with Paragraph 19 of the Mortgage. The void foreclosure deed

dated January 11, 2019 and executed by Nationstar/Mr. Cooper was recorded in the Town of North

Kingstown Clerk's Office Land Evidence Records in Book 3174 at Page 152 on February 21,

2019. Such actions were in violation of R.I.G.L. § 19-14.11-1, in breach of the applicable law

provision to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without

force and effect.

## CLASS ALLEGATIONS

43.     The Representative Plaintiff repeat and re-allege every allegation above as if set forth

herein in full.

44.     Representative Plaintiff brings this action as a Class Action pursuant to Fed. R. Civ. P.

Rule 23.

45.     The Representative Plaintiff sues on behalf of himself and all homeowners or former

homeowners wherein Defendants breached the terms of the Representative Plaintiff and Class

Members mortgages by failing to foreclose and sell in the manner prescribed by ""applicable law""

when conducting foreclosures and mortgagee's sales where the required condition precedent

Paragraph 22 notices were not authorized by Rhode island Law and constituted criminal violations

of Rhode Island Law between July 1, 2015 through August 24, 2017, in violation of R.I.G.L. § 19-

14.11-1.

46.     The Representative Plaintiff further sues on behalf of himself and all homeowners or

former homeowners wherein Defendants breached the terms of the Representative Plaintiff and

Class Members mortgages by sending purported condition precedent Paragraph 22 default

10

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/6/2021 4:38 PM
Envelope: 3225540
Reviewer: Brittany M.

Case 1:21-cv-00328-JJM-LDA   Document 8   Filed 08/06/21   Page 27 of 95 PageID #: 65

acceleration Notices that omitted the fact that the default "must be cured" prior to five days before the sale in accordance with Paragraph 19 of the Mortgages.

47.     The gravity of harm to the Representative Plaintiff and members of the class resulting from the Defendants wrongdoing outweighs any conceivable reasons, justifications and/or motives of said Defendants for engaging in such unfair acts and practices.

48.     Defendants conduct was unfair, oppressive, and contrary to public policy and the generally recognized standards applicable to the consumer lending business.

49.     The Representative Plaintiff and members of the class suffered quantifiable damages such as loss of equity in their homes, use and occupancy of their properties, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

50.     The Representative Plaintiff and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress.

51.     The Representative Plaintiff and members of the class seek actual, exemplary, punitive, and monetary damages.

52.     The Representative Plaintiff claim on behalf of themselves and all others so similarly situated that the Defendants breaches of mortgage contracts by violating R.I.G.L. § 19-14.11-1 and failure to comply with applicable law as a condition precedent prior to exercising the Statutory Power of Sale, are the direct causes of the harms alleged herein.

53.     Representative Plaintiff, on behalf of themselves and all others so similarly situated, claim that all foreclosures that occurred as a result of any Paragraph 22 notices sent during the time in which Nationstar/Mr. Cooper was not licensed as a third-party servicer are null and void for failure

to comply with the condition precedent to Statutory Power of Sale outlined in the mortgages that the Defendants foreclose in the manner subject to and as prescribed by ""applicable law"".

54.     Excluded from the class are governmental entities, the Defendants, their affiliates and subsidiaries, the Defendants current employees and current or former officers, directors, agents, representatives, their family members, the members of this Court and its staff.

55.     The Representative Plaintiff does not know the exact size or identities of the members of the class, since such information is in the exclusive control of Defendants. The Representative Plaintiff believe that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendants books and records.  Therefore, the class is so numerous that <u>joinder of all members is impracticable</u>. (i.e. Numerosity).

56.     The Representative Plaintiff and all members of the class have been subject to and affected by the <u>same conduct</u>.

57.     The <u>questions of law and fact are common to the class</u> and <u>predominate over any questions affecting only individual members of the class</u>. (i.e. Commonality).

58.     The claims of the Representative Plaintiff are <u>typical of the claims of the class</u> and do not conflict with the interests of any other members of the class in that the Representative Plaintiff and the other members of the class were subject to the same conduct. (i.e. Typicality).

59.     The Representative Plaintiff will <u>fairly and adequately represent the interests of the class</u> as a whole.  The Representative Plaintiff is committed to the vigorous prosecution of the class claims and have retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, wrongful foreclosure actions. (i.e. Adequacy).

60.     A Class Action is superior to other methods for the fast and efficient adjudication of this controversy.  A class action regarding the issues in this case does not create any problems of manageability.

61.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

62.     The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

63.     It is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

64.     The specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

65.     It is desirable to concentrate the litigation of the claims in this particular forum.

66.     There are little to no difficulties likely to be encountered in the management of a classification.

## COUNT I
### BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT PRIOR TO EXERCISE THE STATUTORY POWER OF SALE

67.     The Representative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

68.     The Representative Plaintiff brings these claims on behalf of himself and all others so similarly situated.

13

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/6/2021 4:38 PM
Envelope: 3225470
Reviewer: Brittany M.

Case 1:21-cv-00328-JJM-LDA   Document 8   Filed 08/06/21   Page 30 of 95 PageID #: 68

69.     In Rhode Island, the right to exercise the power of sale in a mortgage is derived from the mortgage contract itself.

70.     In Rhode Island, a contract containing a requirement that any foreclosure and sale be conducted in a manner subject to and/or as prescribed by ""applicable law"" is construed as a condition precedent, which requires strict compliance.

71.     The Leone Mortgage provides that any notice, foreclosure, and sale be conducted in a manner subject to and as prescribed by ""applicable law"" at paragraph 22.

72.     In Rhode Island, a mortgagee agreeing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law", must do so as agreed.

73.     In Rhode Island, the power to sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements of paragraph 22 of the mortgages are obligations of the mortgagees.  Failing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law" pursuant to the mortgage is a breach of contract and renders a foreclosure sale void.

74.     As noted above, the Leone Mortgage states at Paragraph 22 as follows;

> 22. Acceleration; Remedies.  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.  If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by "applicable law".  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

14

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by "applicable law"</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitles to it.

(Underlined Emphasis added).

75.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states;

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

76.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states;

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

77.     On April 19, 2017, Nationstar/Mr. Cooper, while still not having *first obtained* a third-party servicing license, purportedly sent a Notice that purports to comply with Paragraph 22 of the Plaintiff's Mortgage. Such action was not authorized by and in violation of R.I.G.L. § 19-14.11-

1, in breach of the applicable law provision to the Statutory Power of Sale in the mortgage contract since Paragraph 22 is a condition precedent to foreclosure and is void, invalid, and without force and effect.

78.     The Representative Plaintiff alleges that from July 1, 2015 through August 24, 2017, including on April 19, 2017, Nationstar/Mr. Cooper was not a licensed third party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1 and sent multiple void notices without authority under the applicable Rhode Island law to members of the class.

79.     The Representative Plaintiff alleges that the foreclosure and sale are in breach of paragraph 22 of the Leone Mortgage which requires that the property secured by the Leone Mortgage be sold in a manner prescribed by and subject to applicable law.  As all actions of Nationstar/Mr. Cooper in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1, Nationstar/Mr. Cooper and HSBC failed their obligations to the Plaintiff to ensure that those actions were conducted in a manner prescribed by applicable law thus breaching the Leone Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

80.     As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Leone Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by Applicable Law. Therefore, the foreclosure and sale are void, invalid, and without force or effect. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

81.     In addition, since there is no Applicable Law specifying the termination of the right to reinstate and there is no entry of judgment enforcing the mortgage, the Representative Plaintiffs'

16

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/6/2021 4:58 PM
Envelope: 3225540
Reviewer: Brittany M.

Case 1:21-cv-00328-JJM-LDA Document 12 Filed 08/06/21 Page 33 of 95 PageID #: 71

right to reinstate, cure the default and avoid foreclosure expired five days before the foreclosure sale in accordance with Paragraph 19 of the mortgage. Therefore, in accordance with Paragraph 19 the default must be cured prior to five days before the sale in order to avoid full acceleration of the mortgage and sale of the property.

82.     The purported default/ right to cure letter failed to inform the Representative Plaintiff that the right to reinstate and cure the default after acceleration expires five days before the foreclosure sale in accordance with paragraph 19 of the mortgage. Therefore, this omission of the 5 day deadline on the right to reinstate and cure the default is a failure to strictly comply with Paragraph 22(c) of the Mortgage which requires that the Plaintiff be informed of a date not less than 30 days by which the default "must be cured".

83.     On December 17, 2018, the Defendants conducted a void foreclosure auction of the Plaintiff's Property because the purported Paragraph 22 notice purportedly sent on April 19, 2017 was not authorized by Rhode Island Law and otherwise failed to strictly comply with Paragraph 22(c) which required that the Plaintiff be informed that he could have cured the default prior to 5 days before the sale in accordance with Pargraph 19 of the Mortgage. The void foreclosure deed dated January 11, 2019 and executed by Nationstar/Mr. Cooper was recorded in the Town of North Kingstown Clerk's Office Land Evidence Records in Book 3174 at Page 152 on February 21, 2019. Such actions were in violation of R.I.G.L. § 19-14.11-1, in breach of the applicable law provision to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect.

84.     The Leone Representative Plaintiff alleges, that the foreclosure and sale are in breach of paragraph 22 of the Leone Mortgage which requires that "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…"

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/6/2021 4:38 PM
Envelope: 3225570
Reviewer: Brittany M.

Case 1:21-cv-00328-JJM-LDA Document 1-8 Filed 08/06/21 Page 34 of 95 PageID #: 72

(Emphasis Added). As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Leone Mortgage can only be sold in a manner prescribed by and subject to "applicable law". As all actions of Nationstar/Mr. Cooper in noticing, foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar/Mr. Cooper and HSBC failed their obligation to the Representative Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by "applicable law".

85.     As all actions of Nationstar/Mr. Cooper in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1, Nationstar/Mr. Cooper and HSBC failed their obligation to the Representative Plaintiff to ensure that those actions were conducted in a manner prescribed by "applicable law" thus breaching the Leone Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

86.     As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Leone Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by ""applicable law". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with applicable law as a conditions precedent prior to exercising the Statutory Power of Sale.

87.     All mortgage contracts of the Representative Plaintiff and members of the class contain the same obligation of the Defendants to foreclose in a manner prescribed by "applicable law".

88.     The mortgage contracts entered into by the Representative Plaintiff and members of the class constitute valid offers.

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/6/2021 4:38 PM
Envelope: 3225670
Reviewer: Brittany M.

Case 1:21-cv-00328-JJM-LDA   Document 1-2   Filed 08/06/21   Page 35 of 95 PageID #: 73

89.     Upon the Representative Plaintiff and members of the class executing those mortgage contracts and giving them to their Lenders, their Lenders accepted those offers.

90.     Alternatively, the Representative Plaintiff and class members execution of those mortgage contracts thereby giving security interests in their property to their Lenders constitute offers. Acceptance of those offers occurred when Defendants accepted payments made by the Representative Plaintiff and members of the class pursuant to their mortgage contracts.

91.     The mortgage contracts were supported by consideration. The Representative Plaintiff and class members payments to Defendants constitutes consideration.

92.     The Representative Plaintiff and members of the class, and Defendants thereby formed valid contracts and the Representative Plaintiff and class members were, are, and remain ready willing and able to perform under those contracts.

93.     Defendants breached the mortgage contracts made with the Representative Plaintiff and class members by refusing to honor the terms of those mortgage contracts by failing to abide by "applicable law" when foreclosing and conducting mortgagee's foreclosure sales.

94.     There was no compliance with the terms of the mortgages to exercise the statutory power of sale as indicated above.

95.     No Foreclosure Notice was sent to the Representative Plaintiff or class members which specifically complied with the condition precedent obligations to foreclosure of the Lender as set forth in said mortgage contracts.

96.     The Defendants noticed, published, foreclosed and conducted sales of the Representative Plaintiff and class members property, in violation of R.I.G.L. § 19-14.11-1, in violation of an Emergency Order issued by the R.I. Department of Business Regulation Division of Banking, and are subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, which

19

breached the mortgages and failed to satisfy the condition precedent obligations to notice, foreclose, and sell the property of the Representative Plaintiff and class members subject to and prescribed by "applicable law".

97.     Due to these failures to comply with the terms of those mortgages, no entity was contractually authorized to exercise the statutory power of sale and notice, publish, foreclose and sell at mortgagee's sale the properties of the Representative Plaintiff and members of the class. These actions constitute a breach of contract, and failure to abide by conditions precedent as stated in the mortgages of the Representative Plaintiff and class members, resulting in damages to the Representative Plaintiff and members of the class.

98.     As a result of the Defendants improper and invalid notices, publications, and exercises of the statutory power of sale and purported foreclosure sales, the Representative Plaintiff and class members mortgage loan accounts were charged fees and costs and expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

99.     The Representative Plaintiff and class members have incurred damages in hiring attorneys, in regard to the improper actions of Defendants in noticing, and seeking to conduct and/or conducting foreclosures and sales without first complying with "applicable law" as conditions precedent as required by the mortgages of the Representative Plaintiff and class members.

100.    The Representative Plaintiff and class members have also incurred mental and emotional injuries and damages due to the improper forecloses and sales of their properties by Defendants without first complying with "applicable law" as conditions precedent as required by the mortgages of the Representative Plaintiff and class members.

101.    The Representative Plaintiff and class members have suffered harm and are threatened with additional harm from Defendants breaches, including but not limited to higher principle balances, loss of equity, use and occupancy of their properties, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default.

102.    The Defendants breaches of contract and failure to comply with conditions precedent as noted herein above, are the direct cause of the harms alleged herein and not the Representative Plaintiff and class members failure to make their mortgage payments.

103.    Therefore, the Representative Plaintiff and members of the class would not have suffered the foreclosures, sales, or the harms as noted herein were it not for the Defendants breaches of the mortgage contracts and failure to comply with "applicable law" as conditions precedent as required by the mortgages of the Representative Plaintiff and class members as noted herein.

104.    The Representative Plaintiff and members of the class are entitled to a declaratory judgment determining that the notices, publications, foreclosures, and mortgagee's foreclosure sales of their properties are void due to the Defendants' failure to comply with the condition precedent obligations to notice, foreclose, and sell in a manner prescribed by, permitted by, and subject to ""applicable law"",  pursuant to the mortgage contracts.

105.    The Representative Plaintiff and members of the class are entitled to cancellation of costs and fees assessed to them for wrongful foreclosure, together with additional damages.

106.    The Representative Plaintiff and members of the class are entitled to be returned to their status and circumstances prior to the foreclosures, and sales of their properties.

107.    The Representative Plaintiff and members of the class are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: July 6, 2021

Respectfully Submitted,
The Representative Plaintiff,
On behalf of himself and all those
So similarly situated
By their Attorney,

/s/ *Todd S. Dion*
Todd S. Dion Esq. (#6852)
681 Park Avenue, Suite 21
Cranston, RI 02910
401-965-4131 Phone
401-270-2202 Fax
toddsdion@msn.com

22

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/5/2021 4:38 PM
Envelope: 3225470
Reviewer: Brittany M.

## EXHIBIT B

**A partial list of foreclosure sales by Nationstar Mortgage, LLC as a third party loan servicer during July 1, 2015 and August 24, 2017.**

| Date | Grantee or Mortgagee | Amount | City/Town | Book | Page |
|---|---|---|---|---|---|
| 7/31/2015 | Federal National Mortgage Association | $128,000.00 | Warwick | 8417 | 21 |
| 10/14/2015 | Mortgage Equity Conversion Asset Trust 2011-1 | $145,000.00 | Warwick | 8459 | 6 |
| 11/23/2015 | Federal Home Loan Mortgage Corporation | $67,832.88 | Warwick | 8483 | 1 |
| 12/28/2015 | Secretary of Veterans Affairs | $157,343.00 | Coventry | 2028 | 614 |
| 1/25/2016 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-4 | $202,853.56 | North Providence | 3048 | 293 |
| 2/10/2016 | Federal Home Loan Mortgage Corporation | $49,324.46 | Johnston | 2483 | 236 |
| 3/1/2016 | HSBC Bank USA, National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2007-7 | $620,218.08 | Burrillville | 964 | 244 |
| 4/21/2016 | Mortgage Equity Conversion Asset Trust 2011-1 | $125,000.00 | Tiverton | 1577 | 112 |
| 4/22/2016 | Bank of New York Mellon, as Trustee for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2004-FA2 by First Horizon Home Loans, as division of First Tennessee Bank National Association | $274,000.00 | Bristol | 1842 | 123 |
| 6/7/2016 | Federal National Mortgage Association | $112,100.00 | Coventry | 2040 | 978 |
| 6/9/2016 | The Bank of New York Mellon F/K/A The Bank of New York as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2005-FA11, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement | $184,775.84 | Burrillville | 976 | 210 |

94154673v.1

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/5/2021 4:38 PM
Envelope: 3225470
Reviewer: Brittany M.

| 6/24/2016 | Federal Home Loan Mortgage Corporation | $181,846.71 | Glocester | 717 | 286 |
|---|---|---|---|---|---|
| 8/3/2016 | Federal Home Loan Mortgage Corporation | $183,672.99 | Glocester | 721 | 181 |
| 8/26/2016 | Mortgage Equity Conversion Asset Trust 2011-1 | $120,000.00 | North Providence | 3096 | 209 |
| 9/6/2016 | Federal National Mortgage Association | $110,000.00 | Warwick | 8652 | 321 |
| 10/13/2016 | Deutsche Bank National Trust Company, as Trustee for HarborView Mortgage Loan trust 2005-14 Mortgage Loan Pass-Through Certificates, Series 2005-14 | $222,657.67 | Coventry | 2053 | 440 |
| 10/19/2016 | U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-20N | $176,090.20 | Burrillville | 994 | 177 |
| 10/26/2016 | Federal Home Loan Mortgage Corporation | $104,694.00 | Warwick | 8688 | 95 |
| 12/2/2016 | The Bank of New York Mellon F/K/A The Bank of New York As Trustee For First Horizon Alternative Mortgage Securities Trust 2005-AA10 | $214,538.01 | North Providence | 3120 | 94 |
| 12/13/2016 | Federal Home Loan Mortgage Corporation | $159,616.33 | Coventry | 2058 | 800 |
| 1/9/2017 | Mortgage Equity Conversion Asset Trust 2011-1 | $180,000.00 | North Smithfield | 735 | 1 |
| 1/12/2017 | The Bank of New York Mellon F/K/A The Bank of New York As Trustee for First Horizon Alternative Mortgage Securities Trust 2006-FA3 | $239,095.47 | Johnston | 2565 | 66 |
| 1/31/2017 | HRB Mortgage Holdings, LLC | $160,650.00 | Burrillville | 1008 | 187 |
| 2/7/2017 | Federal Home Loan Mortgage Corporation | $115,037.10 | North Smithfield | 737 | 43 |
| 3/17/2017 | Federal Home Loan Mortgage Corporation | $100,368.71 | Warwick | 8778 | 290 |
| 5/23/2017 | Federal National Mortgage Association | $98,072.99 | Burrillville | 1019 | 30 |
| 6/22/2017 | Mortgage Equity Conversion Asset Trust 2011-1 | $130,000.00 | Warwick | 8843 | 34 |
| 7/28/2017 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 | $505,755.18 | Exeter | 507 | 1 |
| | **Total:** | **$5,068,543.18** | | | |

94154673v1.1

Case 1:21-cv-00383-JJM-LDA Document 1-1 Filed 09/16/21 Page 41 of 95 PageID #: 79

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS

JASON LEONE on behalf of himself and all others so similarly situated

**DEFENDANTS**

Nationstar Mortgage, LLC d/b/a Mr. Cooper, et al

**(b)** County of Residence of First Listed Plaintiff **Washington**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Todd S. Dion, Esq., 681 Park Ave, Ste 21, Cranston, RI 02910; 401-965-4131; toddsdion@msn.com

Attorneys *(If Known)*

Krystle G. Tadesse, Esq., Locke Lord LLP, 2800 Financial Plaza, Providence, RI 02903; 401-274-9200

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [x] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

*CIVIL RIGHTS*
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**

*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

### V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332(d), 28 U.S.C. 1453 (b)

Brief description of cause:
Challenge to foreclosure sales

### VII. REQUESTED IN COMPLAINT:

- [x] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

### VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 8/5/2021 | /s/ Krystle G. Tadesse |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/5/2021 4:38 PM
Envelope: 3225470
Reviewer: Brittany M.

Case 1:21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 42 of 95 PageID #:
80

STATE OF RHODE ISLAND                              SUPERIOR COURT
WASHINGTON, SC.

JASON LEONE,                                 :
On behalf of himself and all others so
similarly situated,                          :
                                             :
            Plaintiff,                       :
                                             :
      v.                                     :      C. A. No. WC-2019-0001
                                             :
NATIONSTAR MORTGAGE, LLC D/B/A               :
MR. COOPER; HSBC BANK USA NATIONAL           :
ASSOCIATION AS TRUSTEE FOR                   :
MORTGAGE PASS-THROUGH CERTIFICATES,:
SERIES MLMI 2005-A10,                        :
                                             :
            Defendants.                      :

## **NOTICE TO STATE COURT OF REMOVAL**

Pursuant to 28 U.S.C. § 1446(d), defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper

("Nationstar") gives notice to the Superior Court of Rhode Island that Defendants' Notice of

Removal was filed with the United States District Court for the District of Rhode Island on

August 5, 2021.  A copy of Defendant's Notice of Removal is attached hereto as **Exhibit A**.

94111594v.1

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/5/2021 4:38 PM
Envelope: 3225470
Reviewer: Brittany M.

Case 1:21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 43 of 95 PageID #: 81

Respectfully submitted,

NATIONSTAR MORTGAGE, LLC
d/b/a MR. COOPER

By its Attorneys,


*/s/ Krystle G. Tadesse, Esq.*
Joseph A. Farside, Jr. (#7559)
Krystle G. Tadesse (#7944)
Jeffrey C. Ankrom (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401)-274-9200
(401) 276-6611 (Fax)
joseph.farside@lockelord.com
jeffrey.ankrom@lockelord.com

August 5, 2021

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 5th day of August, 2021, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

Todd S. Dion, Esq.
681 Park Avenue, Suite 21
Cranston, RI 02910
toddsdion@msn.com

Richard J. Volpe, Esq.
Law Office of Howard Lee Schiff, PC
111 Founders Plaza
East Hartford, CT 06108
rvolpe@hlschiffpc.com

*/s/ Krystle G. Tadesse, Esq.*

2

94111594v.1

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/5/2021 4:42 PM
Envelope: 3225488
Reviewer: Brittany M.

CASE 1:21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 44 of 95 PageID #: 82

STATE OF RHODE ISLAND                    SUPERIOR COURT
WASHINGTON, SC.

JASON LEONE,                          :
On behalf of himself and all others so
similarly situated,                    :
                                       :
            Plaintiff,                 :
                                       :
      v.                               :    C. A. No. WC-2019-0001
                                       :
NATIONSTAR MORTGAGE, LLC D/B/A         :
MR. COOPER; HSBC BANK USA NATIONAL     :
ASSOCIATION AS TRUSTEE FOR             :
MORTGAGE PASS-THROUGH CERTIFICATES,    :
SERIES MLMI 2005-A10,                  :
                                       :
            Defendants.                :

## NOTICE TO ADVERSE PARTIES OF FILING
## NOTICE OF REMOVAL TO FEDERAL COURT

To:    Todd S. Dion, Esq.
       681 Park Avenue, Suite 21
       Cranston, RI  02910
       toddsdion@msn.com

Pursuant to 28 U.S.C. § 1446 (d), please take notice that defendant Nationstar Mortgage,

LLC d/b/a Mr. Cooper ("Nationstar") filed a notice of removal to federal court of the above-

captioned action from the Superior Court of the State of Rhode Island, Washington County, to

the United States District Court for the District of Rhode Island.

94111756v.1

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 8/5/2021 4:42 PM
Envelope: 3225488
Reviewer: Brittany M.

Case 1:21-cv-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 45 of 95 PageID #: 83

Respectfully submitted,

NATIONSTAR MORTGAGE, LLC
d/b/a MR. COOPER

By its Attorneys,


*/s/ Krystle G. Tadesse, Esq.*
Joseph A. Farside, Jr. (#7559)
Krystle G. Tadesse (#7944)
Jeffrey C. Ankrom (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401)-274-9200
(401) 276-6611 (Fax)
joseph.farside@lockelord.com
jeffrey.ankrom@lockelord.com

August 5, 2021

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 5th day of August, 2021, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

Todd S. Dion, Esq.
681 Park Avenue, Suite 21
Cranston, RI 02910
toddsdion@msn.com

Richard J. Volpe, Esq.
Law Office of Howard Lee Schiff, PC
111 Founders Plaza
East Hartford, CT 06108
rvolpe@hlschiffpc.com

*/s/ Krystle G. Tadesse, Esq.*

2

94111756v.1

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/16/2021 3:54 PM
Envelope: 3195984
Reviewer: Brittany M.

1:21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 46 of 95 PageID #: 84

HEARING DATE: AUGUST 16, 2021

STATE OF RHODE ISLAND                          SUPERIOR COURT
WASHINGTON, SC.

JASON LEONE,                                :
On behalf of himself and all others so
similarly situated,                         :
                                            :
                Plaintiff,                  :
                                            :
        v.                                  :    C. A. No. WC-2019-0001
                                            :
NATIONSTAR MORTGAGE, LLC D/B/A              :
MR. COOPER; HSBC BANK USA NATIONAL          :
ASSOCIATION AS TRUSTEE FOR                  :
MORTGAGE PASS-THROUGH CERTIFICATES,:
SERIES MLMI 2005-A10,                       :
                                            :
                Defendants.                 :

## ASSENTED-TO MOTION FOR EXTENSION OF TIME
## TO RESPOND TO AMENDED COMPLAINT

Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper, with the assent of counsel for the

Plaintiff, hereby requests that the deadline to answer or otherwise respond to the Amended

Complaint in this matter be extended to and including August 15, 2021.

## NOTICE OF HEARING

The within Motion will be heard on August 16, 2021 at 9:30 a.m. if objection be filed and

notice thereof given by the opposing party or parties.  Otherwise, said Motion will be deemed to

be granted as provided by the Rules.

93430448v.1

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/16/2021 3:54 PM
Envelope: 3195984
Reviewer: Brittany M.

1:21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 47 of 95 PageID #: 85

NATIONSTAR MORTGAGE, LLC
d/b/a MR. COOPER

By its Attorneys,


/s/ Jeffrey C. Ankrom, Esq.
Joseph A. Farside, Jr. (#7559)
Jeffrey C. Ankrom (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401)-274-9200
(401) 276-6611 (Fax)
joseph.farside@lockelord.com
jeffrey.ankrom@lockelord.com

July 16, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July, 2021, this document was filed and served through the electronic filing system on the following:

Todd S. Dion, Esq.
681 Park Avenue, Suite 21
Cranston, RI 02910
toddsdion@msn.com

Richard J. Volpe, Esq.
Law Office of Howard Lee Schiff, PC
111 Founders Plaza
East Hartford, CT 06108
rvolpe@hlschiffpc.com

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/ Jeffrey C. Ankrom, Esq.

- 2 -

93430448v.1

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/16/2021 3:49 PM
Envelope: 3195966
Reviewer: Brittany M.

STATE OF RHODE ISLAND                                    SUPERIOR COURT
WASHINGTON, SC.

| | |
|---|---|
| JASON LEONE, | : |
| On behalf of himself and all others so | |
| similarly situated, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :     C. A. No. WC-2019-0001 |
| | : |
| NATIONSTAR MORTGAGE, LLC D/B/A | : |
| MR. COOPER; HSBC BANK USA NATIONAL | : |
| ASSOCIATION AS TRUSTEE FOR | : |
| MORTGAGE PASS-THROUGH CERTIFICATES,: | |
| SERIES MLMI 2005-A10, | : |
| | : |
| Defendants. | : |

## ENTRY OF APPEARANCE

Appearance is hereby entered by Jeffrey C. Ankrom on behalf of Defendant Nationstar

Mortgage, LLC d/b/a Mr. Cooper.

/s/ Jeffrey C. Ankrom
Jeffrey C. Ankrom (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI  02903
(401)-274-9200
(401) 276-6611 (Fax)
jeffrey.ankrom@lockelord.com

July 16, 2021

93337575v.1

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/16/2021 3:49 PM
Envelope: 3195966
Reviewer: Brittany M.

2:21-CV-00323-JJM-LDA      Document 3      Filed 08/06/21      Page 49 of 95 PageID #:
87

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July, 2021, this document was filed and served through the electronic filing system on the following:

Todd S. Dion, Esq.
681 Park Avenue, Suite 21
Cranston, RI  02910
toddsdion@msn.com

Richard J. Volpe, Esq.
Law Office of Howard Lee Schiff, PC
111 Founders Plaza
East Hartford, CT  06108
rvolpe@hlschiffpc.com

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/ Jeffery C. Ankrom

- 2 -

93337575v.1

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/16/2021 3:45 PM
Envelope: 3195956
Reviewer: Brittany M.

Case 1:21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 50 of 95 PageID #: 88

STATE OF RHODE ISLAND                            SUPERIOR COURT
WASHINGTON, SC.

| | |
|---|---|
| JASON LEONE, | : |
| On behalf of himself and all others so | |
| similarly situated, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :     C. A. No. WC-2019-0001 |
| | : |
| NATIONSTAR MORTGAGE, LLC D/B/A | : |
| MR. COOPER; HSBC BANK USA NATIONAL | : |
| ASSOCIATION AS TRUSTEE FOR | : |
| MORTGAGE PASS-THROUGH CERTIFICATES,: | |
| SERIES MLMI 2005-A10, | : |
| | : |
| Defendants. | : |

## ENTRY OF APPEARANCE

Appearance is hereby entered by Krystle G. Tadesse on behalf of Defendant Nationstar

Mortgage, LLC d/b/a Mr. Cooper.

                                     /s/ Krystle G. Tadesse
                                     Krystle G. Tadesse (#7944)
                                     LOCKE LORD LLP
                                     2800 Financial Plaza
                                     Providence, RI  02903
                                     (401)-274-9200
                                     (401) 276-6611 (Fax)
                                     krystle.tadesse@lockelord.com

July 16, 2021

93337033v.1

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/16/2021 3:45 PM
Envelope: 3195956
Reviewer: Brittany M.

Case 1:21-cv-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 51 of 95 PageID #: 89

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July, 2021, this document was filed and served through the electronic filing system on the following:

Todd S. Dion, Esq.
681 Park Avenue, Suite 21
Cranston, RI  02910
toddsdion@msn.com

Richard J. Volpe, Esq.
Law Office of Howard Lee Schiff, PC
111 Founders Plaza
East Hartford, CT  06108
rvolpe@hlschiffpc.com

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/ Krystle G. Tadesse

- 2 -

93337033v.1

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/16/2021 3:42 PM
Envelope: 3195940
Reviewer: Brittany M.

1:21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 52 of 95 PageID #: 90

STATE OF RHODE ISLAND                               SUPERIOR COURT
WASHINGTON, SC.

JASON LEONE,                                   :
On behalf of himself and all others so         :
similarly situated,                            :
                                               :
                Plaintiff,                     :
                                               :
        v.                                     :    C. A. No. WC-2019-0001
                                               :
NATIONSTAR MORTGAGE, LLC D/B/A                 :
MR. COOPER; HSBC BANK USA NATIONAL             :
ASSOCIATION AS TRUSTEE FOR                     :
MORTGAGE PASS-THROUGH CERTIFICATES,:
SERIES MLMI 2005-A10,                          :
                                               :
                Defendants.                    :

### ENTRY OF APPEARANCE

Appearance is hereby entered by Joseph A. Farside, Jr. on behalf of Defendant Nationstar

Mortgage, LLC d/b/a Mr. Cooper.

                                        /s/ Joseph A. Farside, Jr.
                                        Joseph A. Farside, Jr. (#7559)
                                        LOCKE LORD LLP
                                        2800 Financial Plaza
                                        Providence, RI  02903
                                        (401)-274-9200
                                        (401) 276-6611 (Fax)
                                        joseph.farside@lockelord.com

July 16, 2021

93309303v.1

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/16/2021 3:42 PM
Envelope: 3195940
Reviewer: Brittany M.

PSE-21-CV-00323-JJM-LDA     Document 3     Filed 08/06/21     Page 53 of 95 PageID #: 91

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 16th day of July, 2021, this document was filed and served through the electronic filing system on the following:

Todd S. Dion, Esq.
681 Park Avenue, Suite 21
Cranston, RI  02910
toddsdion@msn.com

Richard J. Volpe, Esq.
Law Office of Howard Lee Schiff, PC
111 Founders Plaza
East Hartford, CT  06108
rvolpe@hlschiffpc.com

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/ Joseph A. Farside, Jr.

- 2 -

93309303v.1

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:32 PM
Envelope: 3177541
Reviewer: Brittany M.

Case 1:21-cv-00323-JJM-LDA   Document 3   Filed 08/06/21   Page 54 of 95 PageID #: 92

**STATE OF RHODE ISLAND**                                    **SUPERIOR COURT**
**WASHINGTON, SC**

_____
                                                        )
**JASON LEONE,**                                        )
**On behalf of himself and all others so**              )
**similarly situated**                                  )
                                                        )
                    *Plaintiff*                )
                                                        )
**v.**                                                  )          **WC-2019-0001**
                                                        )
**NATIONSTAR MORTGAGE, LLC D/B/A**                      )
**MR. COOPER; HSBC BANK USA NATIONAL**                  )          **AMENDED COMPLAINT**
**ASSOCIATION AS TRUSTEE FOR MORTGAGE**                 )          **CLASS ACTION**
**PASS-THROUGH CERTIFICATES, SERIES**                   )
**MLMI 2005-A10**                                       )
_____                 )

## INTRODUCTION

1.      The Representative Plaintiff Jason Leone., on behalf of himself and all others so similarly situated, brings this class action as described in the paragraphs set forth herein. The Representative Plaintiff seeks damages and declaratory judgments that foreclosures and mortgagee's foreclosure sales of the Plaintiffs' properties by Defendants are void due to Defendants' breaches of contract and breaches of condition precedents to the Statutory Power of Sale for failing to foreclose in a manner prescribed by "applicable law" by sending void pre-acceleration/ pre-foreclosure default notices without authority under Rhode Island Law and foreclosing and conducting mortgagee's sales in violation of R.I.G.L. § 19-14.11-1.

2.      The Representative Plaintiff herein prays this Honorable Court find that the Defendants are in Breach of Contract, declare that foreclosures and mortgagee sales of the Representative Plaintiff and class members' mortgages and properties be declared void, enjoin the Defendants from further wrongful conveyance of Plaintiff and class members properties, that the Defendants be Ordered to return the Representative Plaintiff and class members to their statuses prior to the wrongful

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:32 PM
Envelope: 3177541
Reviewer: Brittany M.

Case 1:21-cv-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 55 of 95 PageID #: 93

foreclosures and sales, including but not limited to, the rescission of all wrongful foreclosures and sales, and award the Plaintiff and class members damages for the Defendants misconduct.

## JURISDICTION AND VENUE

3.      Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

4.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(a), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, and the claims of the Representative Plaintiff are typical of the claims of the class.  Further, the Representative Plaintiff will fairly and adequately protect the interest of the class.

5.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(2), the Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

6.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(A), it is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

8.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(B), the specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

2

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:32 PM
Envelope: 3177541
Reviewer: Brittany M.

Case 1:21-cv-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 56 of 95 PageID #: 94

9.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(C), it is desirable to concentrate the litigation of the claims in this particular forum.

10.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(D), there are little to no difficulties likely to be encountered in the management of a classification.

11.     Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the void foreclosures.

12.     Plaintiff and members of the class claim a right to seek actual, exemplary, punitive, and monetary damages for the Defendant's violation of R.I.G.L. § 19-14.11-1 and breach of the mortgage contracts.

## PARTIES

13.     Representative Plaintiff Jason Leone, on behalf of himself and all those so similarly situated, is a citizen of Rhode Island and is the owner of 31 Rolling Meadow Way, North Kingstown, RI 02852, which is the subject property as noted herein.

14.     Defendant, Nationstar Mortgage, LLC d/b/a/ Mr. Cooper is a bank related services company with headquarters located at 8950 Cypress Waters Blvd, Coppell, TX 75261.

15.     Defendant, HSBC Bank USA National Association is the Trustee of a securitized trust named "Mortgage Pass-Through Certificates, Series MLMI 2005-A10. It is located at .

16.     At all times herein mentioned, Defendants, Nationstar/Mr. Cooper and HSBC both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

17.     Defendants, Nationstar/Mr. Cooper and HSBC had actual and/or constructive knowledge of the acts of the other as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts

3

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:32 PM
Envelope: 3177541
Reviewer: Brittany M.

Case 1:21-CV-00323-JJM-LDA     Document 3     Filed 08/06/21     Page 57 of 95 PageID #: 95

## ALLEGATIONS OF THE LEONE REPRESENTATIVE PLAINTIFF

18.     The Leone Representative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

19.     The Leone Representative Plaintiff bring these claims on behalf of himself and all others so similarly situated.

20.     On July 26, 2005, the Representative Plaintiff was granted the subject property at 31 Rolling Meadow Way, North Kingstown, RI 02852. The deed evidencing said conveyance was recorded in the Town of North Kingstown, Clerk's Office, Land Evidence Records in Book 2030 at Page 56 on August 12, 2005.

21.     On August 12, 2005, Plaintiff executed a mortgage to Countrywide Home Loans as Lender, and Mortgage Electronic Registration Systems, Inc. (MERS) as Nominee for Lender, in the amount of Five Hundred and Sixty Thousand ($560,000.00) Dollars.  Said mortgage was recorded in the Town of North Kingstown, Clerk's Office, Land Evidence, Records in Book 2030 at Page 58 on August 12, 2005. ("The Leone Mortgage").

22.     The Leone Mortgage states at paragraph 22, in pertinent part as follows;

> 22. Acceleration; Remedies.  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.  If the dfeault is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

4

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:32 PM
Envelope: 3177541
Reviewer: Brittany M.

1:21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 58 of 95 PageID #: 96

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15.  Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law.  Lender or its designee may purchase the Property at any sale.  The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitles to it.

(Emphasis added).

24.    At page 2 section (I) of the Leone Mortgage "Applicable Law" is defined as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-Appealable judicial opinions".

25.    In addition Paragraph 22(c) of the Leone Mortgage required that prior to acceleration and foreclosure the Defendants were required to send the Representative Plaintiff a Default Notice which informs said Representative Plaintiff that he has "a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured"

26.    In accordance with Paragraph 19 of the Leone Mortgage:

"If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time *prior to the earliest of: (a) five days before* the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument.  Those *conditions* are that Borrower: (a) *pays Lender all sums which then would be due* under this Security Instrument and the Note *as if no acceleration had occurred*; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:32 PM
Envelope: 3177541
Reviewer: Brittany M.

21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 59 of 95 PageID #: 97

one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. *Upon reinstatement* by Borrower, this Security Instrument and *obligations* secured hereby *shall remain fully effective as if no acceleration had occurred*. However this right to reinstate shall not apply in the case of acceleration under Section 18."

(emphasis added)

27.     The plain language of Paragraphs 19 and 22 of the Mortgage establish that the default must be cured prior to five days before the sale in order to avoid the full acceleration of the Mortgage and the sale of the property.

28.     On June 5, 2008, MERS, purportedly assigned the subject mortgage to "HSBC Bank USA, National Association, as Trustee for the Registered Holders of the Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, Series MLMi 2005-A10 c/o Countrywide Home Loans, Inc.", Said purported "First Assignment of Mortgage" was recorded in the Land Evidence Records of the Town of North Kingstown in Book 2316 Page 6 on June 10, 2008.

29.     On December 7, 2011, MERS, purportedly assigned the subject mortgage to "U.S. Bank, N.A., as Successor Trustee To Wachovia Bank N.A., as Trustee for the Certificateholders of Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-A10. Said purported "Second Assignment of Mortgage" was recorded in the Land Evidence Records of the Town of North Kingstown in Book 2610 Page 21 on December 15, 2011.

30.     On January 28, 2013, "HSBC Bank USA, National Association, as Trustee for the Registered Holders of the Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, Series MLMI 2005-A10, c/o Bank of America, NA", purportedly assigned the subject mortgage to "HSBC Bank USA, National Association, as Trustee for the Certificateholders of Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:32 PM
Envelope: 3177541
Reviewer: Brittany M.

1:21-CV-00323-JJM-LDA     Document 3     Filed 08/06/21     Page 60 of 95 PageID #: 98

A10, c/o Bank of America, NA". Said purported "Third Assignment of Mortgage" was recorded in the Land Evidence Records of the Town of North Kingstown in Book 2723 Page 109 on February 14, 2013

31.     On June 28, 2013, Bank of America, N.A., purportedly assigned the subject mortgage to Nationstar Mortgage, LLC d/b/a/ Mr. Cooper. Said purported "Fourth Assignment of Mortgage" was recorded in the Land Evidence Records of the Town of North Kingstown in Book 2785 Page 192 on September 30, 2013.

32.     On March 10, 2015, "U.S. Bank, National Association, as Successor Trustee to Wachovia Bank N.A., as Trustee for the Certificateholders of Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-A10" purportedly assigned the subject mortgage to "HSBC Bank USA, National Association as Trustee for Mortgage Pass-Through Certificates, Series MLMI 2005-A10". Said purported "Fifth Assignment of Mortgage" was recorded in the Land Evidence Records of the Town of North Kingstown in Book 2887 Page 218 on April 9, 2015.

33.     The Fifth Assignment of Mortgage was executed by Nationstar Mortgage LLC as Attorney In Fact.

34.     Nationstar/Mr. Cooper was the third party servicer of the Leone Mortgage.

35.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states;

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower *without first obtaining a license* under this chapter from the director or the director's designee. (emphasis added)

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:32 PM
Envelope: 3177541
Reviewer: Brittany M.

Case 1:21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 61 of 95 PageID #: 99

36.    Further, at the time of all alleged unlawful actions by the Defendants R.I.G.L. § 19-14-26 set a criminal penalty for violations of R.I.G.L. Title 19, and stated;

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

37.    On April 19, 2017, Nationstar/Mr. Cooper, while still not having *first obtained* a third-party servicing license, purportedly sent a Notice that purports to comply with Paragraph 22 of the Plaintiff's Mortgage.  Such action was not authorized by and in violation of R.I.G.L. § 19-14.11-1, in breach of the applicable law provision to the Statutory Power of Sale in the mortgage contract since Paragraph 22 is a condition precedent to foreclosure and is void, invalid, and without force and effect.

37.    The Representative Plaintiff alleges that from July 1, 2015 through August 24, 2017, including on April 19, 2017, Nationstar/Mr. Cooper was not a licensed third party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1 and sent multiple void notices without authority under the applicable Rhode Island law to members of the class.

38.    The Representative Plaintiff alleges that the foreclosure and sale are in breach of paragraph 22 of the Leone Mortgage which requires that the property secured by the Leone Mortgage be sold in a manner prescribed by and subject to applicable law.  As all actions of Nationstar/Mr. Cooper in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1, Nationstar/Mr. Cooper and HSBC failed their obligations to the Plaintiff to ensure that those

8

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:32 PM
Envelope: 3177541
Reviewer: Brittany M.

21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 62 of 95 PageID #: 100

actions were conducted in a manner prescribed by applicable law thus breaching the Leone Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

39.     As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Leone Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by Applicable Law. Therefore, the foreclosure and sale are void, invalid, and without force or effect. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

40.     In addition, since there is no Applicable Law specifying the termination of the right to reinstate and there is no entry of judgment enforcing the mortgage, the Representative Plaintiffs' right to reinstate, cure the default and avoid foreclosure expired five days before the foreclosure sale in accordance with Paragraph 19 of the mortgage.  Therefore, in accordance with Paragraph 19 the default must be cured prior to five days before the sale in order to avoid full acceleration of the mortgage and sale of the property.

41.     The purported default/ right to cure letter failed to inform the Representative Plaintiff that the right to reinstate and cure the default after acceleration expires five days before the foreclosure sale in accordance with paragraph 19 of the mortgage.  Therefore, this omission of the 5 day deadline on the right to reinstate and cure the default is a failure to strictly comply with Paragraph 22(c) of the Mortgage which requires that the Plaintiff be informed of a date not less than 30 days by which the default "must be cured".

42.     On December 17, 2018, the Defendants conducted a void foreclosure auction of the Plaintiff's Property because the purported Paragraph 22 notice purportedly sent on April 19, 2017

9

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:32 PM
Envelope: 3177541
Reviewer: Brittany M.

Case 1:21-cv-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 63 of 95 PageID #: 101

was not authorized by Rhode Island Law and otherwise failed to strictly comply with Paragraph 22(c) which required that the Plaintiff be informed that he could have cured the default prior to 5 days before the sale in accordance with Paragraph 19 of the Mortgage. The void foreclosure deed dated January 11, 2019 and executed by Nationstar/Mr. Cooper was recorded in the Town of North Kingstown Clerk's Office Land Evidence Records in Book 3174 at Page 152 on February 21, 2019. Such actions were in violation of R.I.G.L. § 19-14.11-1, in breach of the applicable law provision to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect.

## CLASS ALLEGATIONS

43.    The Representative Plaintiff repeat and re-allege every allegation above as if set forth herein in full.

44.    Representative Plaintiff brings this action as a Class Action pursuant to Fed. R. Civ. P. Rule 23.

45.    The Representative Plaintiff sues on behalf of himself and all homeowners or former homeowners wherein Defendants breached the terms of the Representative Plaintiff and Class Members mortgages by failing to foreclose and sell in the manner prescribed by ""applicable law"" when conducting foreclosures and mortgagee's sales where the required condition precedent Paragraph 22 notices were not authorized by Rhode island Law and constituted criminal violations of Rhode Island Law between July 1, 2015 through August 24, 2017, in violation of R.I.G.L. § 19-14.11-1.

46.    The Representative Plaintiff further sues on behalf of himself and all homeowners or former homeowners wherein Defendants breached the terms of the Representative Plaintiff and Class Members mortgages by sending purported condition precedent Paragraph 22 default

10

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:32 PM
Envelope: 3177541
Reviewer: Brittany M.

1:21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 64 of 95 PageID #: 102

acceleration Notices that omitted the fact that the default "must be cured" prior to five days before the sale in accordance with Paragraph 19 of the Mortgages.

47.     The gravity of harm to the Representative Plaintiff and members of the class resulting from the Defendants wrongdoing outweighs any conceivable reasons, justifications and/or motives of said Defendants for engaging in such unfair acts and practices.

48.     Defendants conduct was unfair, oppressive, and contrary to public policy and the generally recognized standards applicable to the consumer lending business.

49.     The Representative Plaintiff and members of the class suffered quantifiable damages such as loss of equity in their homes, use and occupancy of their properties, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

50.     The Representative Plaintiff and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress.

51.     The Representative Plaintiff and members of the class seek actual, exemplary, punitive, and monetary damages.

52.     The Representative Plaintiff claim on behalf of themselves and all others so similarly situated that the Defendants breaches of mortgage contracts by violating R.I.G.L. § 19-14.11-1 and failure to comply with applicable law as a condition precedent prior to exercising the Statutory Power of Sale, are the direct causes of the harms alleged herein.

53.     Representative Plaintiff, on behalf of themselves and all others so similarly situated, claim that all foreclosures that occurred as a result of any Paragraph 22 notices sent during the time in which Nationstar/Mr. Cooper was not licensed as a third-party servicer are null and void for failure

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:32 PM
Envelope: 3177541
Reviewer: Brittany M.

1:21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 65 of 95 PageID #: 103

to comply with the condition precedent to Statutory Power of Sale outlined in the mortgages that the Defendants foreclose in the manner subject to and as prescribed by ""applicable law"".

54.     Excluded from the class are governmental entities, the Defendants, their affiliates and subsidiaries, the Defendants current employees and current or former officers, directors, agents, representatives, their family members, the members of this Court and its staff.

55.     The Representative Plaintiff does not know the exact size or identities of the members of the class, since such information is in the exclusive control of Defendants. The Representative Plaintiff believe that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendants books and records.  Therefore, the class is so numerous that <u>joinder of all members is impracticable</u>. (i.e. Numerosity).

56.     The Representative Plaintiff and all members of the class have been subject to and affected by the <u>same conduct</u>.

57.     The <u>questions of law and fact are common to the class</u> and <u>predominate over any questions affecting only individual members of the class</u>. (i.e. Commonality).

58.     The claims of the Representative Plaintiff are <u>typical of the claims of the class</u> and do not conflict with the interests of any other members of the class in that the Representative Plaintiff and the other members of the class were subject to the same conduct. (i.e. Typicality).

59.     The Representative Plaintiff will <u>fairly and adequately represent the interests of the class</u> as a whole.  The Representative Plaintiff is committed to the vigorous prosecution of the class claims and have retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, wrongful foreclosure actions. (i.e. Adequacy).

12

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:32 PM
Envelope: 3177541
Reviewer: Brittany M.

Case 1:21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 66 of 95 PageID #: 104

60.     A Class Action is superior to other methods for the fast and efficient adjudication of this controversy.   A class action regarding the issues in this case does not create any problems of manageability.

61.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

62.     The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

63.     It is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

64.     The specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

65.     It is desirable to concentrate the litigation of the claims in this particular forum.

66.     There are little to no difficulties likely to be encountered in the management of a classification.

## COUNT I
### BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT PRIOR TO EXERCISE THE STATUTORY POWER OF SALE

67.     The Representative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

68.     The Representative Plaintiff brings these claims on behalf of himself and all others so similarly situated.

13

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:32 PM
Envelope: 3177541
Reviewer: Brittany M.

1:21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 67 of 95 PageID #: 105

69.     In Rhode Island, the right to exercise the power of sale in a mortgage is derived from the mortgage contract itself.

70.     In Rhode Island, a contract containing a requirement that any foreclosure and sale be conducted in a manner subject to and/or as prescribed by ""applicable law"" is construed as a condition precedent, which requires strict compliance.

71.     The Leone Mortgage provides that any notice, foreclosure, and sale be conducted in a manner subject to and as prescribed by ""applicable law"" at paragraph 22.

72.     In Rhode Island, a mortgagee agreeing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law", must do so as agreed.

73.     In Rhode Island, the power to sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements of paragraph 22 of the mortgages are obligations of the mortgagees.  Failing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law" pursuant to the mortgage is a breach of contract and renders a foreclosure sale void.

74.     As noted above, the Leone Mortgage states at Paragraph 22 as follows;

> 22. Acceleration; Remedies.   Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.  If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and <u>may invoke the STATUTORY POWER OF SALE and any other remedies permitted by "applicable law".</u>   Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

14

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:32 PM
Envelope: 3177541
Reviewer: Brittany M.

1:21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 68 of 95 PageID #: 106

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by "applicable law".</u> Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitles to it.

(Underlined Emphasis added).

75.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states;

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

76.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states;

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

77.     On April 19, 2017, Nationstar/Mr. Cooper, while still not having *first obtained* a third-party servicing license, purportedly sent a Notice that purports to comply with Paragraph 22 of the Plaintiff's Mortgage. Such action was not authorized by and in violation of R.I.G.L. § 19-14.11-

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:32 PM
Envelope: 3177541
Reviewer: Brittany M.

Case 1:21-CV-00323-JJM-LDA     Document 3     Filed 08/06/21     Page 69 of 95 PageID #: 107

1, in breach of the applicable law provision to the Statutory Power of Sale in the mortgage contract since Paragraph 22 is a condition precedent to foreclosure and is void, invalid, and without force and effect.

78.     The Representative Plaintiff alleges that from July 1, 2015 through August 24, 2017, including on April 19, 2017, Nationstar/Mr. Cooper was not a licensed third party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1 and sent multiple void notices without authority under the applicable Rhode Island law to members of the class.

79.     The Representative Plaintiff alleges that the foreclosure and sale are in breach of paragraph 22 of the Leone Mortgage which requires that the property secured by the Leone Mortgage be sold in a manner prescribed by and subject to applicable law. As all actions of Nationstar/Mr. Cooper in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1, Nationstar/Mr. Cooper and HSBC failed their obligations to the Plaintiff to ensure that those actions were conducted in a manner prescribed by applicable law thus breaching the Leone Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

80.     As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Leone Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by Applicable Law. Therefore, the foreclosure and sale are void, invalid, and without force or effect. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

81.     In addition, since there is no Applicable Law specifying the termination of the right to reinstate and there is no entry of judgment enforcing the mortgage, the Representative Plaintiffs'

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:32 PM
Envelope: 3177541
Reviewer: Brittany M.

1:21-CV-00323-JJM-LDA     Document 3     Filed 08/06/21     Page 70 of 95 PageID #: 108

right to reinstate, cure the default and avoid foreclosure expired five days before the foreclosure sale in accordance with Paragraph 19 of the mortgage. Therefore, in accordance with Paragraph 19 the default must be cured prior to five days before the sale in order to avoid full acceleration of the mortgage and sale of the property.

82.     The purported default/ right to cure letter failed to inform the Representative Plaintiff that the right to reinstate and cure the default after acceleration expires five days before the foreclosure sale in accordance with paragraph 19 of the mortgage. Therefore, this omission of the 5 day deadline on the right to reinstate and cure the default is a failure to strictly comply with Paragraph 22(c) of the Mortgage which requires that the Plaintiff be informed of a date not less than 30 days by which the default "must be cured".

83.     On December 17, 2018, the Defendants conducted a void foreclosure auction of the Plaintiff's Property because the purported Paragraph 22 notice purportedly sent on April 19, 2017 was not authorized by Rhode Island Law and otherwise failed to strictly comply with Paragraph 22(c) which required that the Plaintiff be informed that he could have cured the default prior to 5 days before the sale in accordance with Pargraph 19 of the Mortgage. The void foreclosure deed dated January 11, 2019 and executed by Nationstar/Mr. Cooper was recorded in the Town of North Kingstown Clerk's Office Land Evidence Records in Book 3174 at Page 152 on February 21, 2019. Such actions were in violation of R.I.G.L. § 19-14.11-1, in breach of the applicable law provision to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect.

84.     The Leone Representative Plaintiff alleges, that the foreclosure and sale are in breach of paragraph 22 of the Leone Mortgage which requires that "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…"

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:52 PM
Envelope: 3177541
Reviewer: Brittany M.

Case 1:21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 71 of 95 PageID #: 109

(Emphasis Added).  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Leone Mortgage can only be sold in a manner prescribed by and subject to "applicable law".  As all actions of Nationstar/Mr. Cooper in noticing, foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar/Mr. Cooper and HSBC failed their obligation to the Representative Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by "applicable law".

85.     As all actions of Nationstar/Mr. Cooper in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1, Nationstar/Mr. Cooper and HSBC failed their obligation to the Representative Plaintiff to ensure that those actions were conducted in a manner prescribed by "applicable law" thus breaching the Leone Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

86.     As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Leone Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by ""applicable law". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with applicable law as a conditions precedent prior to exercising the Statutory Power of Sale.

87.     All mortgage contracts of the Representative Plaintiff and members of the class contain the same obligation of the Defendants to foreclose in a manner prescribed by "applicable law".

88.     The mortgage contracts entered into by the Representative Plaintiff and members of the class constitute valid offers.

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:32 PM
Envelope: 3177541
Reviewer: Brittany M.

Case 1:21-cv-00323-JJM-LDA   Document 3   Filed 08/06/21   Page 72 of 95 PageID #: 110

89.     Upon the Representative Plaintiff and members of the class executing those mortgage contracts and giving them to their Lenders, their Lenders accepted those offers.

90.     Alternatively, the Representative Plaintiff and class members execution of those mortgage contracts thereby giving security interests in their property to their Lenders constitute offers. Acceptance of those offers occurred when Defendants accepted payments made by the Representative Plaintiff and members of the class pursuant to their mortgage contracts.

91.     The mortgage contracts were supported by consideration. The Representative Plaintiff and class members payments to Defendants constitutes consideration.

92.     The Representative Plaintiff and members of the class, and Defendants thereby formed valid contracts and the Representative Plaintiff and class members were, are, and remain ready willing and able to perform under those contracts.

93.     Defendants breached the mortgage contracts made with the Representative Plaintiff and class members by refusing to honor the terms of those mortgage contracts by failing to abide by "applicable law" when foreclosing and conducting mortgagee's foreclosure sales.

94.     There was no compliance with the terms of the mortgages to exercise the statutory power of sale as indicated above.

95.     No Foreclosure Notice was sent to the Representative Plaintiff or class members which specifically complied with the condition precedent obligations to foreclosure of the Lender as set forth in said mortgage contracts.

96.     The Defendants noticed, published, foreclosed and conducted sales of the Representative Plaintiff and class members property, in violation of R.I.G.L. § 19-14.11-1, in violation of an Emergency Order issued by the R.I. Department of Business Regulation Division of Banking, and are subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, which

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:32 PM
Envelope: 3177541
Reviewer: Brittany M.

Case 1:21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 73 of 95 PageID #: 111

breached the mortgages and failed to satisfy the condition precedent obligations to notice, foreclose, and sell the property of the Representative Plaintiff and class members subject to and prescribed by "applicable law".

97.     Due to these failures to comply with the terms of those mortgages, no entity was contractually authorized to exercise the statutory power of sale and notice, publish, foreclose and sell at mortgagee's sale the properties of the Representative Plaintiff and members of the class. These actions constitute a breach of contract, and failure to abide by conditions precedent as stated in the mortgages of the Representative Plaintiff and class members, resulting in damages to the Representative Plaintiff and members of the class.

98.     As a result of the Defendants improper and invalid notices, publications, and exercises of the statutory power of sale and purported foreclosure sales, the Representative Plaintiff and class members mortgage loan accounts were charged fees and costs and expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

99.     The Representative Plaintiff and class members have incurred damages in hiring attorneys, in regard to the improper actions of Defendants in noticing, and seeking to conduct and/or conducting foreclosures and sales without first complying with "applicable law" as conditions precedent as required by the mortgages of the Representative Plaintiff and class members.

100.    The Representative Plaintiff and class members have also incurred mental and emotional injuries and damages due to the improper forecloses and sales of their properties by Defendants without first complying with "applicable law" as conditions precedent as required by the mortgages of the Representative Plaintiff and class members.

101.    The Representative Plaintiff and class members have suffered harm and are threatened with additional harm from Defendants breaches, including but not limited to higher principle balances, loss of equity, use and occupancy of their properties, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default.

102.    The Defendants breaches of contract and failure to comply with conditions precedent as noted herein above, are the direct cause of the harms alleged herein and not the Representative Plaintiff and class members failure to make their mortgage payments.

103.    Therefore, the Representative Plaintiff and members of the class would not have suffered the foreclosures, sales, or the harms as noted herein were it not for the Defendants breaches of the mortgage contracts and failure to comply with "applicable law" as conditions precedent as required by the mortgages of the Representative Plaintiff and class members as noted herein.

104.    The Representative Plaintiff and members of the class are entitled to a declaratory judgment determining that the notices, publications, foreclosures, and mortgagee's foreclosure sales of their properties are void due to the Defendants' failure to comply with the condition precedent obligations to notice, foreclose, and sell in a manner prescribed by, permitted by, and subject to ""applicable law"",  pursuant to the mortgage contracts.

105.    The Representative Plaintiff and members of the class are entitled to cancellation of costs and fees assessed to them for wrongful foreclosure, together with additional damages.

106.    The Representative Plaintiff and members of the class are entitled to be returned to their status and circumstances prior to the foreclosures, and sales of their properties.

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 7/6/2021 1:32 PM
Envelope: 3177541
Reviewer: Brittany M.

Case 1:21-cv-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 75 of 95 PageID #: 113

107.    The Representative Plaintiff and members of the class are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: July 6, 2021

<div style="margin-left:40%">

Respectfully Submitted,
The Representative Plaintiff,
On behalf of himself and all those
So similarly situated
By their Attorney,


/s/ *Todd S. Dion*
Todd S. Dion Esq. (#6852)
681 Park Avenue, Suite 21
Cranston, RI 02910
401-965-4131 Phone
401-270-2202 Fax
toddsdion@msn.com

</div>

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 4/9/2020 9:38 AM
Envelope: 2554444
Reviewer: Janna F.

1:21-CV-00323-JJM-LDA     Document 3     Filed 08/06/21     Page 76 of 95 PageID #: 114

**STATE OF RHODE ISLAND**                          **SUPERIOR COURT**

**WASHINGTON, SC**

| | |
|---|---|
| JASON LEONE, | Case No.:   WC-2019-0001 |
| Plaintiff | |
| v. | April 9, 2020 |
| NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER; HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR MORTGAGE PASS-THROUGH CERTIFICATES, SERIES MLMI 2005-A10 | |
| Defendants. | |

## WITHDRAWAL OF APPEARANCE

Crystal L. Cooke, Esq. of Sandelands Eyet LLP, 1545 U.S. Highway 206, Suite 304, Bedminster, New Jersey 07921, hereby withdraws her appearance on behalf of Nationstar Mortgage LLC dba Mr. Cooper and HSBC Bank USA, National Association as Trustee for Mortgage Pass-Through Certificates, Series MLMI 2005-A10 in the above-captioned action.

                              /s/ *Crystal L. Cooke*
                              Crystal L. Cooke, Esq. Bar No. 8773
                              Sandelands Eyet LLP
                              1545 U.S. Highway 206, Suite 304
                              Bedminster, NJ 07921
                              Telephone: 908-470-1200
                              Fax: 908-470-1206
                              ccooke@se-llp.com

1

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 4/9/2020 9:38 AM
Envelope: 2554444
Reviewer: Janna F.

Case 1:21-cv-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 77 of 95 PageID #: 115

## <u>CERTIFICATION</u>

I hereby certify that a copy of the above was mailed or electronically delivered on April 9, 2020 to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were electronically served.


_____/s/ *Crystal L. Cooke*_____
Crystal L. Cooke, Esq.

2

STATE OF RHODE ISLAND                          SUPERIOR COURT
WASHINGTON, SC

JASON LEONE

*Plaintiff*                                    CA # WC-2019-0001

V.


NATIONSTAR MORTGAGE LLC d/b/a
MR. COOPER et al

*Defendants*


## ENTRY OF APPEARANCE

The undersigned, RICHARD J. VOLPE, ESQ., hereby enters his appearance on behalf of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER

NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER

_/s/ Richard Volpe, ESQ._
Richard J. Volpe, Esq. (Bar Id #5398)
Law Office of Howard Lee Schiff, PC
111 Founders Plaza
East Hartford CT 06108


## CERTIFICATE OF SERVICE

I hereby certify the the above Entry of Appearance was served upon the following parties on 3/26/20 at:

The Plaintiff %
Todd Dion, Esq.
681 Park Ave. Suite 24
Cranston RI 02910


/s/ Richard J. Volpe, Esq.

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 3/25/2020 6:17 PM
Envelope: 2540509
Reviewer: Danielle K.

STATE OF RHODE ISLAND AND    PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>WC-2019-0001 |
| **Plaintiff**<br>Jason Leone<br>    vs.<br>**Defendant**<br>Hsbc Bank Usa | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>681 PARK AVENUE<br>SUITE 24<br>CRANSTON RI  02910 |
| McGrath Judicial Complex<br>Washington County<br>4800 Tower Hill Road<br>Wakefield RI  02879<br>(401) 782-4121 | **Address of the Defendant**<br>1800 Tysons Blvd<br>McLean VA  22102 |

**TO THE DEFENDANT, Hsbc Bank Usa:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 1/2/2019. | /s/ Danielle Keegan<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND     PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff** | **Civil Action File Number** |
|---|---|
| Jason Leone | WC-2019-0001 |
| v. | |
| **Defendant** | |
| Hsbc Bank Usa | |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, HSBC Bank USA, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name  of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
    Name  of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
    Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
    Name of authorized agent _____
    If the agent is one designated by statute to receive service, further notice as required by statute was given
    as noted below.
    _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $_____ |
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

 Signature

State of _____
County of _____

    On this _____ day of _____, 20____, before me, the undersigned notary public, personally
appeared _____ ☐ personally known to the notary
or  ☐  proved  to  the  notary  through  satisfactory  evidence  of  identification,  which  was
_____, to be the person who signed above in my presence,
and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her
knowledge.

                              Notary Public: _____
                              My commission expires: _____
                              Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND    PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>WC-2019-0001 |
| **Plaintiff**<br>Jason Leone<br><br>vs.<br><br>**Defendant**<br>Nationstar Mortgage, Llc D/b/a Mr. Cooper | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>681 PARK AVENUE<br>SUITE 24<br>CRANSTON RI 02910 |
| McGrath Judicial Complex<br>Washington County<br>4800 Tower Hill Road<br>Wakefield RI 02879<br>(401) 782-4121 | **Address of the Defendant**<br>8950 Cypress Waters Blvd<br>Coppell TX 75261 |

**TO THE DEFENDANT, Nationstar Mortgage, Llc D/b/a Mr. Cooper:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 1/2/2019. | /s/ Danielle Keegan<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND   PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff<br>Jason Leone<br>v.<br>**Defendant**<br>Nationstar Mortgage, Llc D/b/a Mr. Cooper | Civil Action File Number<br>WC-2019-0001 |
|---|---|

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Nationstar Mortgage, LLC d/b/a Mr. Cooper, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND ⚓ PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
   Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given
   as noted below.
   _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $ _____ |
| Month   Day     Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE


SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.


_____
 Signature

State of _____
County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally
appeared _____ ☐ personally known to the notary
or ☐ proved to the notary through satisfactory evidence of identification, which was
_____, to be the person who signed above in my presence,
and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her
knowledge.

                  Notary Public: _____
                  My commission expires: _____
                  Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 1/2/2019 1:30 PM
Envelope: 1856995
Reviewer: Danielle K.

Case 1:21-cv-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 86 of 95 PageID #: 124

**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**WASHINGTON, SC**

|                                                    |     |                          |
|----------------------------------------------------|-----|--------------------------|
| JASON LEONE,                                       | )   |                          |
|                                                    | )   |                          |
|                           *Plaintiff,*             | )   |                          |
|                                                    | )   | CA NO.                   |
| vs.                                                | )   |                          |
|                                                    | )   |                          |
|                                                    | )   | CIVIL COMPLAINT          |
| NATIONSTAR MORTGAGE, LLC D/B/A/                    | )   |                          |
| MR. COOPER; HSBC BANK USA, NATIONAL                | )   | JURY DEMAND              |
| ASSOCIATION AS TRUSTEE FOR MORTGAGE                | )   |                          |
| PASS-THROUGH CERTIFICATES, SERIES                  | )   |                          |
| MLMI 2005-A10                                      | )   |                          |
|                           *Defendants*             | )   |                          |

## INTRODUCTION

1.       This complaint seeks damages and a declaratory judgment that Defendants,
Nationstar Mortgage, LLC d/b/a/ Mr. Cooper ("Nationstar") as servicer for HSBC Bank
USA, National Association As Trustee For Mortgage Pass-Through Certificates, Series
MLMI 2005-A10 ("HSBC Bank as Trustee"), are attempting to proceed with a non-
judicial foreclosure in violation of the terms of a mortgage on Plaintiff's residential
home.  Plaintiff alleges that the Defendants never sent and Plaintiff never received proper
notice of default and acceleration pursuant to paragraph 22 of the Mortgage. Plaintiff
prays that this Honorable Court declare that any foreclosure and mortgagee's foreclosure
sale of Plaintiff's rightful property, was in violation of said statutes and the terms of said
mortgage, and is therefore invalid, void, and without force and effect.

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 1/2/2019 1:30 PM
Envelope: 1856995
Reviewer: Danielle K.

Case 1:21-cv-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 87 of 95 PageID #: 125

## JURISDICTION AND VENUE

2.    Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

3.    Plaintiff further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

   a.    Plaintiff claims that the foreclosure was in violation of R.I.G.L. § 34-11-22 because the foreclosure did not comply with the terms of the mortgage.

## PARTIES

4.    Plaintiff, Jason Leone, resides at and claims to be the owner of real property located 31 Rolling Meadow Way, North Kingstown, RI 02852 which is the subject property referenced herein.

5.    Defendant, Nationstar Mortgage, LLC d/b/a/ Mr. Cooper is a bank related services company with headquarters located at 8950 Cypress Waters Blvd, Coppell, TX 75261.

6.    Defendant, HSBC Bank USA National Association is the Trustee of a securitized trust named "Mortgage Pass-Through Certificates, Series MLMI 2005-A10. It is located at .

## FACTS

7.    Plaintiff, Jason Leone, resides at and claims to be the owner of real property located 31 Rolling Meadow Way, North Kingstown, RI 02852 which is the subject property referenced herein.

2

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 1/2/2019 1:30 PM
Envelope: 1856995
Reviewer: Danielle K.

Case 1:21-cv-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 88 of 95 PageID #: 126

8.     On July 26, 2005, Plaintiff was granted the subject property as sole owner. The deed evidencing the transfer of the subject property was recorded in the Town of North Kingstown, Clerk's Office, Land Evidence, Records in Book 2030 Page 56, on August 12, 2005.

9.     On August 12, 2005, Plaintiff executed a mortgage to Countrywide Home Loans as Lender, and Mortgage Electronic Registration Systems, Inc. (MERS) as Nominee for Lender, in the amount of Five Hundred and Sixty Thousand ($560,000.00) Dollars. Said mortgage was recorded in the Town of North Kingstown, Clerk's Office, Land Evidence, Records in Book 2030 at Page 58 on August 12, 2005.

10.     On June 5, 2008, MERS, purportedly assigned the subject mortgage to "HSBC Bank USA, National Association, as Trustee for the Registered Holders of the Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, Series MLMi 2005-A10 c/o Countrywide Home Loans, Inc.", Said purported "First Assignment of Mortgage" was recorded in the Land Evidence Records of the Town of North Kingstown in Book 2316 Page 6 on June 10, 2008.

11.     The First Assignment of Mortgage indicated that Countrywide was the servicer of the Mortgage by stating that HSBC Bank USA, National Association, as Trustee for the Registered Holders of the Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, Series MLMi 2005-A10 was in care of Countrywide.

12.     On December 7, 2011, MERS, purportedly assigned the subject mortgage to "U.S. Bank, N.A., as Successor Trustee To Wachovia Bank N.A., as Trustee for the Certificateholders of Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-A10".    Said purported "Second Assignment of

3

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 1/2/2019 1:30 PM
Envelope: 1856995
Reviewer: Danielle K.

21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 89 of 95 PageID #: 127

Mortgage" was recorded in the Land Evidence Records of the Town of North Kingstown in Book 2610 Page 21 on December 15, 2011.

13.     The Second Assignment of Mortgage indicated that Bank of America was the servicer of the Mortgage by stating that the recording was requested by Bank of America.

14.     The Second Assignment of Mortgage was executed by Tina LeRaybaud Assistant secretary of MERS.

15.     On January 28, 2013, "HSBC Bank USA, National Association, as Trustee for the Registered Holders of the Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, Series MLMI 2005-A10, c/o Bank of America, NA", purportedly assigned the subject mortgage to "HSBC Bank USA, National Association, as Trustee for the Certificateholders of Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-A10, c/o Bank of America, NA". Said purported "Third Assignment of Mortgage" was recorded in the Land Evidence Records of the Town of North Kingstown in Book 2723 Page 109 on February 14, 2013.

16.     The Third Assignment of Mortgage indicated that Bank of America was the servicer of the Mortgage by stating that HSBC Bank USA, National Association, as Trustee for the Certificateholders of Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-A10, c/o Bank of America, NA" was in care of Bank of America.

17.     The Third Assignment of Mortgage was executed by Bank of America, NA as Attorney In Fact.

18.     On June 28, 2013, Bank of America, N.A., purportedly assigned the subject mortgage to Nationstar Mortgage, LLC d/b/a/ Mr. Cooper. Said purported "Fourth

4

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 1/2/2019 1:30 PM
Envelope: 1856995
Reviewer: Danielle K.

Case 1:21-cv-00323-JJM-LDA   Document 3   Filed 08/06/21   Page 90 of 95 PageID #: 128

Assignment of Mortgage" was recorded in the Land Evidence Records of the Town of North Kingstown in Book 2785 Page 192 on September 30, 2013.

19.     On March 10, 2015, "U.S. Bank, National Association, as Successor Trustee to Wachovia Bank N.A., as Trustee for the Certificateholders of Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-A10" purportedly assigned the subject mortgage to "HSBC Bank USA, National Association as Trustee for Mortgage Pass-Through Certificates, Series MLMI 2005-A10". Said purported "Fifth Assignment of Mortgage" was recorded in the Land Evidence Records of the Town of North Kingstown in Book 2887 Page 218 on April 9, 2015.

20.     The Fifth Assignment of Mortgage was executed by Nationstar Mortgage LLC as Attorney In Fact.

21.     On or about November 2016, Marinosci Law Group initiated foreclosure proceedings as instructed by Defendant, Nationstar to foreclose on the Mortgage.

22.     On or about January 7, 2017, a foreclosure will take place on the property in which the alleged purchaser was the Defendant HSBC as Trustee.

23.     Plaintiff herein alleges that prior to acceleration and prior to the foreclosure he never received and the Lender never gave notice in accordance with paragraph 22 of the mortgage, a notice of "a) default; b) the action required to cure the default; c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and d) that failure to cure the default on or before the date....may result in acceleration". The notice further should have informed the Plaintiff that she had a "right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense". Plaintiff asserts that such notice was never

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 1/2/2019 1:30 PM
Envelope: 1856995
Reviewer: Danielle K.

21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 91 of 95 PageID #: 129

sent by the Lender and that as a result the foreclosure sale is invalid and void due to Lender and or Defendants failure to comply with the this term of the Mortgage.

24.    Plaintiff herein alleges that prior to the foreclosure he never received and the mortgagee never sent any Notice of the Foreclosure Sale stating that the foreclosure was to take place on January 7, 2017.

25.    As such, any foreclosure and mortgagee's foreclosure sale, by Defendants, of the subject property is invalid, void, and without force and effect.

26.    As a result of Defendants' breach of paragraph 22 odf the mortgage and actions in foreclosing on the Plaintiff's property, the Plaintiff has suffered damages including emotional distress, loss of title to their home, court costs, attorney's fees in defense of foreclosure and eviction

<div align="center">

**COUNT I**
**BREACH OF CONTRACT, STATUTORY POWER OF SALE**
**AND TERMS OF THE MORTGAGE**

</div>

38.    Plaintiff repeats and reincorporates by reference all paragraphs above as if fully articulated herein.

39.    Rhode Island permits non-judicial foreclosure under the statutory power of sale contained at R.I.G.L. § 34-11-22, so long as the terms of the mortgage and the statutes related to the power of sale are complied with.

40.    If a bank fails to strictly comply with the power of sale and the terms of the mortgage, then a foreclosure is void.

41.    The mortgage given by Plaintiff secured by the subject property states at Paragraph 22 as follows:

> **22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach

<div align="center">6</div>

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 1/2/2019 1:30 PM
Envelope: 1856995
Reviewer: Danielle K.

21-CV-00323-JJM-LDA   Document 3   Filed 08/06/21   Page 92 of 95 PageID #: 130

of any covenant or agreement in this Security Instrument
(but not prior to acceleration under Section 18 unless
Applicable Law provides otherwise). The notice shall
specify: (a) the default; (b) the action required to cure the
default; (c) a date, not less than 30 days from the date the
notice is given to Borrower, by which the default must be
cured; and (d) that failure to cure the default on or before
the date specified in the notice may result in acceleration of
the sums secured by the Security Instrument and sale of the
Property. The notice shall further inform Borrower of the
right to reinstate after acceleration and the right to bring a
court action to assert the non-existence of a default or any
other defense of Borrower to acceleration and sale.

(Emphasis added).

42.     The foreclosure allegedly conducted by the Defendants as well as the
acceleration were invalid because the Lender failed to give notice in accordance with the
terms of the Mortgage is set forth in paragraph 22 of the mortgage.

43.     As a result of Defendants' breach of the terms of the Mortgage and actions in
foreclosing on the Plaintiff's property, the Plaintiff has suffered damages including
emotional distress, loss of title to their home, court costs, attorney's fees in defense of
foreclosure and eviction.

### COUNT II
### QUIETING TITLE
### RHODE ISLAND GENERAL LAW §34-16-5

50.     Plaintiff repeats and reincorporates by reference all paragraphs above as if fully
articulated herein.

51.     The Plaintiff and the Defendants Nationstar Mortgage, LLC d/b/a/ Mr. Cooper
and HSBC Bank as Trustee both make claim to the fee simple interest in the aforesaid
property.

52.     The Plaintiff claims ownership and title to the Property from a Deed granting the
property to Plaintiff which was recorded in the Town of North Kingstown, Clerk's

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 1/2/2019 1:30 PM
Envelope: 1856995
Reviewer: Danielle K.

1:21-CV-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 93 of 95 PageID #: 131

Office, Land Evidence, Records in Book 2030 Page 56, on August 12, 2005. The name and address of the Plaintiff have been set forth herein above.

53.     The Defendants claim ownership and title to the Property from a void Mortgagee's Foreclosure Sale and void Foreclosure Deed recorded in the Town of North Kingstown, Clerk's Office, Land Evidence Records.

54.     Plaintiff never received and the Defendants or Lender failed to send any Notice of Default prior to acceleration in accordance with the terms of the Mortgage.

57.     The resulting foreclosure sale was wrongful, without legal effect and is void.

58.     The foreclosure sale conducted by the Defendants is also void as against public policy.

59.     The Plaintiff has suffered damages and loss of property interest as a direct result of the conduct of the Defendants.

60.     The Plaintiff, Jason Leone, is entitled to a judgment quieting the title the Property and declaring that he is still the owner of the subject Property.

**WHEREFORE**, Plaintiff prays for the following relief:

i.      Declare that the Plaintiff, Jason Leone, is the true and lawful owner of 31 Rolling Meadow Way, North Kingstown, RI 02852;

ii.     Declare that the assignments and foreclosure sale of the Plaintiff's rightful property, as noted herein, is in violation of R.I.G.L. §§ 34-11-34, that the Defendants breached the covenants of the mortgage, and therefore the purported foreclosure sale is void , invalid and without force and effect;

iii.    Enjoin and restrain the Defendant from continuing or initiating any foreclosure actions or eviction actions against the Plaintiff or their tenants until the title to the property in dispute is cleared;

iv.    Otherwise permanently enjoin and restrain the Defendant from initiating, pursuing, or filing any foreclosure actions, eviction actions, or otherwise exercising or demonstrating any ownership of the demised premises located at 31 Rolling Meadow Way, North Kingstown, RI 02852, until such time as the Plaintiff's claims have been heard and determined;

v.    Declare that Plaintiff owns the premises in fee simple at 31 Rolling Meadow Way, North Kingstown, RI 02852, and that its title is superior to the claims of the Defendants';

vi.    Award the Plaintiff actual and exemplary damages as well as reasonable attorney's fees and costs;

vii.    Grant such other relief that is just and equitable.

Dated: December 28, 2018

Respectfully Submitted,
Jason Leone,
Through his Attorney,

/s/ Todd S. Dion
Todd S. Dion Esq. (#6852)
681 Park Ave, Ste 24
Cranston, RI, RI 02910
401-965-4131 Phone
401-270-2202 Fax
toddsdion@msn.com

9

Case Number: WC-2019-0001
Filed in Washington County Superior Court
Submitted: 1/2/2019 1:30 PM
Envelope: 1856995
Reviewer: Danielle K.

Case 1:21-cv-00323-JJM-LDA    Document 3    Filed 08/06/21    Page 95 of 95 PageID #: 133

## VERIFICATION OF COMPLAINT

I, Jason Leone, Plaintiff in the above-captioned action, hereby depose and state that I have read and subscribed to the foregoing amended complaint, and the facts set forth therein are based on my own personal knowledge and are true and correct.

Signed under the penalties of perjury on December 28, 2018.

Date:

12/28/18

Respectfully submitted,
Jason Leone